DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  Sancho Accorsi (SBN 329413)
  *sanchoaccorsi@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
  Caleah N. Whitten (*pro hac vice forthcoming*)
  *caleahwhitten@dwt.com*
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

*Attorneys for Defendant*
*World Wildlife Fund, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA,<br><br>                              Plaintiff,<br><br>     vs.<br><br>WORLD WILDLIFE FUND, INC., d/b/a<br>WWW.WORLDWILDLIFE.ORG,<br><br>                              Defendant. | Case No.  2:23-CV-06112<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 23STCV14554]<br><br>Compl. Filed:     June 21, 2023<br>Action Removed:   July 27, 2023 |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant World Wildlife Fund, Inc.,
(WWF) hereby removes this action from the Superior Court of the State of
California for the County of Los Angeles to the United States District Court for the
Central District of California.  WWF is entitled to remove this action to federal
district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the
following:

**State Court Action**

1.      On June 21, 2023, plaintiff Sonya Valenzuela commenced this action
in the Superior Court of the State of California in and for the County of Los
Angeles, captioned *Sonya Valenzuela v. World Wildlife Fund, Inc.*, Case No.
23STCV14554 (the State Court Action).  A true and correct copy of the complaint
in the State Court Action is attached hereto as **Exhibit 1** (the Complaint).  Ms.
Valenzuela served the Complaint on WWF on June 27, 2023.

2.      A near duplicate of other complaints filed by her attorney, Ms.
Valenzuela's Complaint alleges nothing more than generalized conclusory
assertions of an invasion of privacy based on WWF's alleged use of FullContact
software which the complaint claims was used to record and deanonymize IP
addresses when she used WWF's website chat function.  (Compl. ¶¶ 12–22.)  Ms.
Valenzuela claims WWF's alleged use of the FullContact software violates the
California Unauthorized Access to Computer Data Act (CUCA), California Penal
Code § 502, and the California Invasion of Privacy Act (CIPA), California Penal
Code § 631.  (*Id.* ¶¶ 24–32.)  Ms. Valenzuela also brings common law and
constitutional claims for invasion of privacy.  (*Id.* ¶¶ 33–61.)  Ms. Valenzuela seeks
statutory damages, punitive damages, attorneys' fees, "and all other relief at law."
(*Id.* at p. 10.)  She also seeks to stop WWF's use of FullContact software and
collection of IP addresses.  (*Id.* at p. 1; *see also id.* ¶ 23.)  WWF believes these
claims are meritless.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT'S NOTICE OF REMOVAL

3.    In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by WWF in the State Court Action or found on the docket in that action are attached hereto.

    a.    The Complaint is attached hereto as **Exhibit 1**;

    b.    The Summons is attached hereto as **Exhibit 2**;

    c.    The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

    d.    The Notice of Case Assignment is attached hereto as **Exhibit 4**;

    e.    The Notice to Plaintiff is attached hereto as **Exhibit 5**; and

    f.    A copy of the docket in the State Court Action is attached hereto as **Exhibit 6**.

4.    The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 84 (setting Los Angeles County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## **The Action Is Removable Under Diversity Jurisdiction, 28 U.S.C. § 1332(a)(1)**

5.    This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

### *The Parties Are Citizens of Different States*

6.    An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

7.    Ms. Valenzuela is a citizen and resident of California. (Compl. ¶ 3.) On information and belief as the undersigned counsel has litigated against Ms.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Valenzuela previously, Ms. Valenzuela is domiciled in and therefore a citizen of California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence."); *Valenzuela v. The Kroger Co.*, Case No. 2:22-CV-06382 (C.D. Cal., removed Sept. 7, 2022).

8.    WWF is a corporation incorporated in Delaware and has its principal place of business in Washington, D.C.  WWF is not incorporated nor does it have its principle place of business in California.  A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Thus, WWF is a citizen of Delaware and Washington, D.C., and not a citizen of California, for purposes of determining diversity.

9.    Therefore, diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

10.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

11.    For purposes of removal only, and without conceding Ms. Valenzuela is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *see also Woods v. CVS Pharmacy, Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citation omitted).  Ms. Valenzuela's claims total at least $75,000 through addition of the following elements:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT'S NOTICE OF REMOVAL

a.   *Statutory Damages:  $ 5,000.*  The Complaint seeks statutory
damages of $5,000 for an alleged violation of California Penal Code § 631(a).
(Compl. ¶ 32, at p. 10.)  Thus, without conceding that the statutory maximum
amount of damages would be the proper measure of relief for any of her claims or
that she is entitled to any relief, it is reasonably possible that WWF could be liable
for statutory damages of at least **5,000** under California Penal Code § 637.2(a)(1).

b.   *Punitive Damages:  >  $7,500.*  The Complaint also seeks an
unspecified amount of "punitive damages."  (Compl. at p. 10.)  At least one court
has awarded punitive damages under California Civil Code § 3294, which allows
for punitive or "exemplary" damages in the case of "oppression, fraud, or malice,"
at a rate of $2,500 per privacy offense.  *See Condon v. Condon*, 2008 WL
11338437, at *7–8 (C.D. Cal. June 6, 2008) (awarding $2,500 in punitive damages
per invasion of privacy offense).  This is well within the range of appropriate
damages recognized in this Circuit.  *See Guadarrama v. Chadorbaff*, 2018 WL
5816191, at *11 (C.D. Cal. Apr. 30, 2018) ("Although, the appropriate ratio of
punitive to compensatory damages will vary from case to case, many courts in the
Ninth Circuit have found a ratio of three to one appropriate.") (collecting cases).
Thus, without conceding that Ms. Valenzuela is entitled to any relief, it is
reasonably possible WWF could be liable for punitive damages of at least $2,500
for each of the three alleged invasion-of-privacy violations under counts 3, 4, and
5—totaling **7,500**.

c.   *Cost of Injunctive Relief: > $30,000.*  Ms. Valenzuela also seeks
injunctive relief.  Ex. 3 at 1 (Civil Case Cover Sheet, checking off, for remedies
sought, "nonmonetary; declaratory or injunctive relief").  (Compl. at 1
("Defendant's actions are offensive and unlawful and must be stopped."); *id.* ¶ 26
("CUCA provides a private right of action for . . . injunctive relief . . . .").)  Ms.
Valenzuela expressly invokes these requests for injunctive relief by seeking "any
and all other relief at law that may be appropriate." (Compl. at 10.)  Even if she did

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not expressly seek equitable relief, this does not foreclose the court from awarding her an injunction. *Z Channel Ltd. P'ship v. Home Box Off., Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991) ("It is clear that Z Channel did not foreclose relief in damages by failing to ask for them in its Count One prayer."); *see also Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66 (1978) ("Thus, although the prayer for relief may be looked to for illumination when there is doubt as to the substantive theory under which a plaintiff is proceeding, its omissions are not in and of themselves a barrier to redress of a meritorious claim."); Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). The Complaint makes clear Ms. Valenzuela, by virtue of her lawsuit, seeks to have WWF cease its conduct. Further, she requests injunctive relief on her Civil Case Cover Sheet. *See* Ex. B. With injunctive relief in play, the potential cost to WWF to stop its conduct is considered in calculating the amount in controversy. *See Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013). A reasonable estimate of the cost to WWF for making the changes Ms. Valenzuela demands—which would require WWF to terminate its current vendor relationship; modify the coding on its website; update certain back-end processes; and retain a new vendor to provide services—would cost WWF well in excess of **$30,000**.

        d.    *Attorney's Fees: > $33,000.* The Complaint also seeks attorneys' fees. (Compl. at p. 10.) In the Ninth Circuit, the amount in controversy likely includes attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). A removing defendant can establish the likely attorneys' fees by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Ms. Valenzuela's attorneys sought attorneys' fees in an individual action under California statutes at an hourly rate of $750 in 2018. *Martin v. Servicemaster Co.*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (using the hourly rate to

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

determine amount in controversy met). Ms. Valenzuela's attorney will likely obtain at least **$33,000** in fees—for this amount he need bill only about 44 hours, which is easily achievable alone in the due diligence and drafting of the complaint, filing, and service.

12.     Based on Ms. Valenzuela's pleaded assertions and theories of recovery, the amount in controversy exceeds $75,000 (consisting of at least $5,000 in statutory damages; $7,500 in punitive damages; $30,000 in injunctive relief; and $33,000 in attorney's fees).

13.     Ms. Valenzuela cannot avoid removal by merely stating that "the amount in controversy does not exceed $75,000," (Compl. ¶ 23), because this is neither a legally binding stipulation nor an express limitation. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013) (explaining an individual plaintiff may avoid removal by executing a "*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount"). Indeed, Ms. Valenzuela leaves open the possibility of amending the Complaint "to name additional plaintiffs and/or add class allegations" if WWF does not accede to her demands. (Compl. ¶ 23.) Ms. Valenzuela's statement that the amount in controversy is unmet is not a binding stipulation because she does not expressly limit her total recovery to less than $75,000 and, regardless, she seeks injunctive relief that cannot be limited because she cannot control the cost to WWF of compliance. *See Pagel*, 986 F. Supp. 2d at 1158 (explaining value of equitable remedy can be assessed based on "cost to the defendant of complying with the remedy"). Removal is proper where, as here, WWF provides "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

### WWF Satisfies the Requirements of 28 U.S.C. § 1446

14.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT'S NOTICE OF REMOVAL

15.    This Notice of Removal has been filed within 30 days of June 27, 2023, the date Ms. Valenzuela served the Complaint on WWF and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(3).

16.    Concurrently with the filing of this Notice, WWF is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

17.    WWF does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, WWF removes the State Court Action to this Court.

DATED:  July 27, 2023                    DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
       Jacob M. Harper

*Attorneys for Defendant World Wildlife Fund, Inc.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the Court's CM/ECF system on July 27, 2023.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this certificate was executed at Los Angeles, California, on July 27, 2023.

/s/ Jacob M. Harper
JACOB M. HARPER

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 1

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2023 11:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

SONYA VALENZUELA,

       Plaintiff,

       v.

WORLD WILDLIFE FUND, INC., a Delaware
corporation d/b/a WWW.
WORLDWILDLIFE.ORG,

       Defendant.

Case No. 23STCV14554

**COMPLAINT FOR VIOLATION OF:**

**CALIFORNIA PENAL CODE SECTION 502
CALIFORNIA PENAL CODE SECTION 630
INVASION OF PRIVACY
INTRUSION UPON SECLUSION
PUBLICATION OF PRIVATE
INFORMATION**

## I.    <u>INTRODUCTION</u>

Defendant has secretly installed spyware on its website at www.worldwildlife.org to de-anonymize and "dox" every visitor to its site so that Defendant knows – and shares with others – each visitor's name, face, I.P. address, Linked-In Profile, and e-mail address.  Defendant uses the spyware (called "FullContact" or "FC") to connect known and anonymous identity fragments" and  match it with information found on the dark web so that Defendant can "easily recognize anonymous website visitors" and "collect better data to increase conversions."

Plaintiff visited Defendant's website in the Spring of 2023 and communicated with Defendant. Without Plaintiff's knowledge or consent, Defendant used the FC code to access Plaintiff's device, extract personal data, and expose Plaintiff's identity for Defendant, FullContact, and scores of other companies.

Defendant's actions are offensive and unlawful and must be stopped.

## II.    <u>JURISDICTION AND VENUE</u>

1.    Defendant is subject to jurisdiction in this state under Penal Code Section 402(j), which provides that a person who causes, by any means, the access of a computer in California from another jurisdiction is deemed to have personally accessed the computer in California.  Defendant is also subject to jurisdiction under California's "long-arm" statute found at <u>California Code of Civil Procedure</u> Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."  Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California."  Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

2.    Venue is proper in this County in accordance with <u>California Code of Civil Procedure</u> Section 394(b) because "none of the defendants reside in the state."  As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

### III.    PARTIES

3.      Plaintiff  is a resident of California.  Plaintiff is also a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by federal law. As an individual who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).  Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any impermissible credibility or standing inferences against them.  *See Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

4.      Defendant  is  the  world's  largest  conservation  organization,  with  over  five  million supporters worldwide.

### IV.    FACTUAL ALLEGATIONS

**A.      The Right to Online Anonymity.**

5.      Courts recognize the right to online anonymity.  *In Re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).  Indeed, the "free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously." *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001).

6.      According to Pew Research Center nearly all Americans believe it is important to be "in control of who can get information" about them; to not be tracked without their consent; and to be in "control[] of what information is collected about [them]."  Accordingly, most people don't want their private online browsing to be associated with their public offline identities.  This is because online anonymity gives the freedom to investigate, explore, and research without fear of social repercussions.

7.      In addition, online anonymity helps prevent security breaches, surveillance and intrusive web-tracking.

**B.      The De-Anonymization of Ordinary Web Traffic Without the Knowledge or Consent of an Internet User Poses a Serious Threat to Personal Privacy and the Internet.**

8.      In simple terms, de-anonymization is a process that involves cross-referencing anonymized data with "commercially available information" ("CAI") obtained from grey data markets

to reveal an individual's identity.  De-anonymization has been called the "the biggest privacy threat no one is talking about."[1]  Defendant secretly uses such technology to further its own mercenary objectives at the expense of the general public, dramatically increasing the amount of de-anonymized information available to itself and third parties.

9.    As the Director of National Intelligence explained in a January 22, 2022 report (approved for public release on June 5, 2023) (the "DNI Report"), "the volume and sensitivity of CAI have expanded in recent years mainly due to the advancement of digital technology, including location-tracking and other features of smartphones and other electronic devices, and the advertising-based monetization models that underlie many commercial offerings available on the Internet."

10.    The Director of National Intelligence concluded (1) that the existence of these practices poses a threat to national security since it is available to foreign governments since it "clearly provides intelligence value," and (2) that it "raises significant issues related to privacy and civil liberties."

11.    The Director of National Intelligence concluded that the "single most important point" is that the expansion of CAI is "increasingly powerful for intelligence and increasingly sensitive for individual privacy and civil liberties" such that the Intelligence Community "needs to develop more refined policies to govern its acquisition and treatment."

## C.    Defendant's Use of Spyware to Create De-Anonymized CAI.

12.    FullContact ("FC") sells software that allows website owners to "Identify Anonymous Website Visitors" and "Easily recognize anonymous website visitors, personalize your website, and collect better data to increase conversions."   *See*  https://www.fullcontact.com/solutions/identify-anonymous-traffic/ (last downloaded June 2023).

13.    Full Contact also claims, "Unlike others, our real-time API can deliver instant recognition of an individual. Integration is a snap, too" and that "No matter how much an individual's information changes, you will always be able to identify who they are." Finally, the company boasts that their customers can "Confidently connect to a real person with an email address, a phone number, a street address or a Mobile Ad ID."[2]

---

[1] https://technoglitz.com/de-anonymization-is-the-biggest-threat-to-privacy-that-no-one-is-talking-about/
[2] https://web.archive.org/web/20191230040150/https://www.fullcontact.com/products/

14.     FC sells businesses a small tracking code to place on their websites, enabling them to identify website visitors' IP addresses and related data and transmit that data to FC.  FC then matches the identified IP address and related data to a global proprietary database of information to de-anonymize website visitors, and provides its clients with each anonymous user's name, picture, e-mail, Linked-In profile, and telephone number, thereby giving a commercial entity access to expansive intelligence without the consent of the web-surfer.

15.     FC secretly collects and analyzes real-time information about everyone engaging on those platforms and on third-party platforms.  This results in FC collecting and selling information about activity that users could not expect to be gathered or sold.

16.     FC boasts that its code allows users to "Map every interaction to a persistent, portable, and omnichannel ID" so that "Regardless of device, channel, or cookie" users can "confidently recognize a real person."

**D.     Defendant's Purchase and Use of FC Spyware to Dox Plaintiff.**

17.     Defendant purchased and installed FC's spyware on its website to enable Defendant to secretly de-anonymize and dox website visitors including Plaintiff (identifying each visitor by name, picture, e-mail address, and telephone).

18.     The below graphic is an anonymized exemplar of how Defendant uses the FC code to intrude into a user's computer, gather personal data, and transmit that data back to FC:

**FIGURE 1**

19.     In mid-2023, Plaintiff visited Defendant's website and communicated with Defendant via Defendant's chat feature.  By using the FC code, Defendant accessed Plaintiff's device, extracted information about Plaintiff, and shared that information with FC in the hopes of turning Plaintiff into an "actionable lead."

20.     As a result of Defendant's and FC's secret intrusion onto Plaintiff's device, Defendant and FC: (1) obtained the IP address of Plaintiff; (2) used FC's extensive database to match Plaintiff's IP address with Plaintiff's name, face, location, e-mail, and browsing history; and (3) embedded Plaintiff's identity into FC's extensive "gray market CAI" database, which FC shares virally with other companies that have purchased FC's spyware.

21.     As a result of Defendant's and FC's wrongful conduct: (1) Plaintiff has been de-anonymized and Plaintiff's personal information has been added to FC's extensive database; (2) Plaintiff has been bombarded with targeted advertising; (3) Plaintiff can no longer surf the web anonymously; and (4) Plaintiff has been exposed to heightened risk of identity theft.

22.     Defendant's conduct amounts to "doxing by deanonymization" and robs Plaintiff of anonymity and obscurity.  As a result, it is now easier for other companies to obtain other types of identity knowledge about Plaintiff and subject Plaintiff to further doxing.  *See Doxing: A Conceptual Analysis, Ethics and Information Technology* (Volume 18, pages 199–210 (2016).

23.     **Plaintiff brings this action as an individual Complaint with the hope that Defendant will voluntarily stop its unlawful conduct, remediate the damage caused, and compensate Plaintiff.  If Defendant refuses, Plaintiff will amend this Complaint to name additional plaintiffs and/or add class allegations.  At this time and notwithstanding anything to the contrary herein, the amount in controversy does not exceed $75,000, exclusive of interests and costs.**

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### CALIFORNIA UNAUTHORIZED ACCESS TO COMPUTER DATA ACT

### PENAL CODE SECTION 502

24.     The California Unauthorized Access to Computer Data Act (the "CUCA") makes it unlawful for parties to obtain data from a computer user outside of the scope of the user's authorization.

25.    Specifically, Penal Code Section 502(c) imposes liability on any entity that "knowingly accesses and without permission" (1) uses any computer data, in order to "wrongfully control or obtain" computer data, or (2) "makes use of any data from a computer…"

26.    CUCA provides a private right of action for compensatory damages, punitive damages, injunctive relief, and attorneys' fees to any individual harmed by its violation. *See Facebook, Inc. v. Power Ventures, Inc.*, 2012 WL 542586 (N.D. Cal. Feb. 16, 2012). Additionally, a court may award reasonable attorney's fees and punitive damages on a case-by-case basis.

27.    By installing the spyware to obtain Plaintiff's IP addresses and exposing Plaintiff's name, face, location, e-mail, and browsing history to turn Plaintiff into an actionable lead", Defendant has violated CUCA.

**SECOND CAUSE OF ACTION**

**CALIFORNIA INVASION OF PRIVACY ACT**

**PENAL CODE SECTION 630-638**

28.    Defendant aided and abetted FC to access, read and use the contents of the communications exchanged between Plaintiff and Defendant while the information was still in transit or being sent or received.

29.    Plaintiff did not consent to Defendant's actions.

30.    The FC codes utilized by Defendant were "machine[s], instrument[s], or contrivance[s]" under § 631(a). 206.

31.    Plaintiff suffered loss by reason of these violations, including, but not limited to, violation of rights to privacy and loss of value in personal information.

32.    Plaintiff is entitled to damages of $5,000.

**THIRD CAUSE OF ACTION**

**CALIFORNIA INVASION OF PRIVACY**

33.    Article I, § 1 of the California Constitution provides, "All people are by nature free and independent and have inalienable rights. Among those are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

34.     The phrase "and privacy" was added by an initiative adopted by California voters on November 7, 1972 (the Privacy Initiative). The Privacy Initiative created a private right of action against nongovernmental entities for invasions of privacy.

35.     The California Supreme Court has explained that one of the principal "mischiefs" to which the Privacy Initiative was directed was "the overbroad collection and retention of unnecessary personal information by government and business interests." *White v. Davis*, 13 Cal.3d 757, 775 (Cal. 1975).

36.     Defendant's conduct in doxing Plaintiff and sharing and monetizing Plaintiff's personal information violates Plaintiff's right to privacy.

37.     Defendant created a detailed dossier of the personal information of Plaintiff and then shared it with FullContact, which then sold it and shared it with numerous companies to profit and assist those other companies in creating their own separate dossiers about Plaintiff.

38.     Plaintiff has the right to privacy in Plaintiff's web-browsing history; in how personal information is going to be used; in the right to withhold and not disclose personal information; and all statutory privacy rights codified under federal and California law.

39.     Defendant has intruded on these privacy interests.

40.     Defendant's actions constitute a serious invasion of privacy in that they violate several state laws; disclosed sensitive personal information to third parties; and facilitated the disclosure of Plaintiff's information by third parties who did not have legal access to their personal information.

41.     Defendant acted with oppression, fraud, or malice in invading Plaintiff's privacy.

42.     Plaintiff has been damaged by Defendant's invasion of privacy and is entitled to just compensation in the form of actual and punitive damages.

### FOURTH CAUSE OF ACTION

### INTRUSON UPON SECLUSION

43.     A claim for intrusion upon seclusion requires (1) intrusion into a private place, conversation, or matter; and (2) in a manner highly offensive to a reasonable person.

44.     Defendant intentionally intruded upon Plaintiff's solitude or seclusion by (1) monetizing Plaintiff's personal information without consent; and (2) by mining and distributing data that in connection with FC.

45.     Defendant intentionally intruded upon the Plaintiff's solitude or seclusion by facilitating cookie-matching with FC as alleged herein.

46.     Cookie-matching enabled companies with limited information about Plaintiffs and other Class Members to accumulate substantially more information about Plaintiff.

47.     Defendant intentionally intruded upon the Plaintiff's solitude or seclusion by selling and sharing Plaintiff's' sensitive personal information for purposes of targeted advertising and publicized sensitive information to hundreds of other companies.

48.     None of Defendant's actions were authorized by Plaintiff.

49.     Defendant violated state criminal and civil laws designed to protect individual privacy and against theft.

50.     It is highly offensive to a reasonable person that Defendant collected information to de-anonymize Plaintiff and share it with hundreds of unknown companies without consent.

51.     It is also highly offensive that Defendant worked with FC to share personal information about Plaintiff such as an individual's race, ethnicity, religion, health, and financial status.

52.     It is highly offensive to a reasonable person for Defendant to intrude into Plaintiff's personal information, internet communications, and computing devices.

53.     Defendant has acted with oppression, fraud, or malice.

54.     Plaintiff is entitled to just compensation in the form of actual damages and punitive damages under this cause of action.

### FIFTH CAUSE OF ACTION

### PUBLICATION OF PRIVATE INFORMATION

55.     Plaintiff's personal information, including sensitive data and Internet communications, are private facts that Defendant was not authorized to collect or sale.

56.     Defendant publicized Plaintiff's private facts and the content of Plaintiff's Internet communications by sharing with FC and, in turn, hundreds of different companies.

57.     Defendant and those companies profit from acquiring personal information and creating vast and rich dossiers to both target advertising and to further sell the personal information to other third parties.

58.     Plaintiff did not know that Defendant shared or sold personal information and did not consent to such publication.

59.     It is highly offensive to a reasonable person that Defendant sold and shared personal information to FC and by extension to hundreds of different advertising companies.

60.     Defendant acted with oppression, fraud, or malice.

61.     Plaintiff has been damaged by the publication of private information and is entitled to just compensation in the form of actual damages, general damages, unjust enrichment, nominal damages, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.     For statutory damages, punitive damages, and attorneys' fees; and

b.     For any and all other relief at law that may be appropriate.

Dated:  June 21, 2023                PACIFIC TRIAL ATTORNEYS, APC

                                     By: _____
                                     Scott. J. Ferrell
                                     Attorneys for Plaintiff

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>WORLD WILDLIFE FUND, INC., a Delaware corporation d/b/a WWW.WORLDWILDLIFE.ORG,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SONYA VALENZUELA, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**6/23/2023 9:15 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By E. Mayorga, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N. Hill Street, Los Angeles, CA  90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>23STCV14554 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660          Phone No.: (949) 706-6464

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 06/23/2023 | Clerk, by<br>*(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court<br>E. Mayorga | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Scott J. Ferrell (Bar #202091)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660

TELEPHONE NO.: (949) 706-6464          FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2023 11:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Valenzuela v. World Wildlife Fund, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | 23STCV14554 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela v. World Wildlife Fund, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela v. World Wildlife Fund, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela v. World Wildlife Fund, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela v. World Wildlife Fund, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Valenzuela v. World Wildlife Fund, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1250 24th Street |
|---|---|
| CITY:<br>Washington | STATE:<br>DC | ZIP CODE:<br>20037 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _06/21/2023_                                    _____

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/21/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV14554 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Curtis A. Kin | 72 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  06/23/2023
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By D. Williams_____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT 5

1    DAVIS WRIGHT TREMAINE LLP
       Jacob M. Harper (SBN 259463)
2      *jharper@dwt.com*
       Sancho Accorsi (SBN 329413)
3      *sanchoaccorsi@dwt.com*
4    865 South Figueroa Street, Suite 2400
     Los Angeles, California 90017-2566
5    Telephone:  (213) 633-6800
     Facsimile:  (213) 633-6899
6
7    *Attorneys for Defendant*
     *World Wildlife Fund, Inc.*
8
9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                              **COUNTY OF LOS ANGELES**
11
12
13   SONYA VALENZUELA,                    | Case No. 23STCV14554
                                          | Assigned to the Hon. Curtis A. Kin
14                    Plaintiff,
                                          | **NOTICE TO STATE COURT AND TO**
15         vs.                            | **ADVERSE PARTIES OF REMOVAL TO**
                                          | **FEDERAL COURT**
16   WORLD WILDLIFE FUND, INC., d/b/a
     WWW.WORLDWILDLIFE.ORG                | Action Filed:    June 21, 2023
17                                        | Trial Date:      n/a
                      Defendant.
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE COURT AND TO ADVERSE PARTIES:**

  **PLEASE TAKE NOTICE THAT** on July 27, 2023, defendant World Wildlife Fund, Inc., filed a Notice of Removal of this action to the United States District Court for the Central District of California.  A true and correct copy of the Notice of Removal in this action is attached hereto as **Exhibit A** and is served and filed herewith.  The action has therefore been removed to the United States District Court for the Central District of California, and, pursuant to 28 U.S.C. § 1446(d), the State court action is stayed and "the State court shall proceed no further unless and until the case is remanded."

DATED: July 27, 2023      DAVIS WRIGHT TREMAINE LLP

             By: _____
               Jacob M. Harper

             *Attorneys for Defendant*
             *World Wildlife Fund, Inc.*

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 27, 2023, I served the foregoing document(s) described as: **NOTICE TO STATE COURT AND TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** as follows:

Scott J. Ferrell                                    Attorneys for Plaintiff Sonya Valenzuela
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
sferrell@pacifictrialattorneys.com

Tel:  (949) 706-6464
Fax:  (949) 706-6469

  X    (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on July 27, 2023, at Los Angeles, California.

☑      State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐      Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Lina Pearmain | |
| Print Name | Signature |

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

EXHIBIT 6

## *23STCV14554, SONYA VALENZUELA vs. WORLD WILDLIFE FUND, INC., A DELAWARE CORPORATION*

CA Superior - Los Angeles County

Los Angeles

**This case was retrieved on 07/27/2023**

## Header
___

**Case Number:** 23STCV14554
**Date Filed:** 06/21/2023
**Date Full Case Retrieved:** 07/27/2023
**Status:** Open
**Misc:** (1258) Civil Rights/Discrimination (General Jurisdiction); Civil

## Summary
___

**District**: Central
**Case Type**: Civil

## Participants
___

| Litigants | Attorneys |
|---|---|
| VALENZUELA SONYA **Plaintiff** | |
| WORLD WILDLIFE FUND INC. DBA WWW.WORLDWILDLIFE.ORG **Defendant** | |

**--- Unassociated Attorneys ---**

FERRELL SCOTT J.

Attorney for Plaintiff

## Schedule
___

| Date | Location | Subject |
|---|---|---|
| 08/28/2023 | at 08:30 AM in Department 72 at 111 North Hill Street, Los Angeles, CA 90012 | Order to Show Cause Re: Failure to File Proof of Service |
| 11/08/2023 | at 09:30 AM in Department 72 at 111 North Hill Street, Los Angeles, CA 90012 | Case Management Conference |

## Other Docket Proceedings
___

| Date | Details |
|---|---|
| 06/21/2023 | Alternate Dispute Resolution Packet Filed by Clerk |
| 06/21/2023 | Civil Case Cover Sheet Filed by Sonya Valenzuela (Plaintiff) |
| 06/21/2023 | Complaint Filed by Sonya Valenzuela (Plaintiff) |

23STCV14554, SONYA VALENZUELA vs. WORLD WILDLIFE FUND, INC., A DELAWARE CORPORATION

| Date | Details |
|------|---------|
| 06/21/2023 | First Amended General Order re: Mandatory Electronic Filing Filed by Clerk |
| 06/21/2023 | Notice of Case Assignment - Unlimited Civil Case Filed by Clerk |
| 06/21/2023 | Voluntary Efficient Litigation Stipulation Packet Filed by Clerk |
| 06/23/2023 | Summons (on Complaint) Filed by Sonya Valenzuela (Plaintiff) |
| 07/11/2023 | Notice of Case Management Conference Filed by Clerk |
| 07/11/2023 | Order to Show Cause Failure to File Proof of Service Filed by Clerk |
| 07/25/2023 | Proof of Personal Service Filed by Sonya Valenzuela (Plaintiff) |

# Proceedings

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 06/21/2023 | | Civil Case Cover Sheet | PageCount 7 |
| 06/21/2023 | | Complaint | PageCount 10 |
| 06/21/2023 | | Notice of Case Assignment - Unlimited Civil Case | PageCount 2 |
| 06/21/2023 | | Unknown - ALTERNATE DISPUTE RESOLUTION PACKET | PageCount 2 |
| 06/21/2023 | | Unknown - FIRST AMENDED GENERAL ORDER RE: MANDATORY ELECTRONIC FILING | PageCount 7 |
| 06/21/2023 | | Voluntary Efficient Litigation Stipulation Packet | PageCount 12 |
| 06/23/2023 | | Summons - SUMMONS ON COMPLAINT | PageCount 1 |
| 07/11/2023 | | Notice of Case Management Conference | PageCount 1 |
| 07/11/2023 | | Order to Show Cause Failure to File Proof of Service | PageCount 2 |
| 07/25/2023 | | Proof of Personal Service | PageCount 2 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**