JACOB HARPER (State Bar No. 259463)
   jacobharper@dwt.com
SANCHO ACCORSI (State Bar No. 268215)
   sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

CALEAH N. WHITTEN (*pro hac vice pending*)
   caleahwhitten@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

*Attorneys for Defendant World Wildlife Fund, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WORLD WILDLIFE FUND, INC., d/b/a<br>WWW.WORLDWILDLIFE.ORG,<br><br>                    Defendant. | Case No. **2:23-cv-06112 WLH-MAA**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[*Proposed Order Filed Concurrently*]**<br><br>Date:        December 1, 2023<br>Time:        1:30 p.m.<br>Dept.:        9B<br><br>Action Filed:        June 21, 2023<br>Action Removed:  July 27, 2023 |

## NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 1, 2023, at 1:30 p.m., in Courtroom 9B of the above-captioned Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, California, 90012, defendant World Wildlife Fund, Inc. (WWF) will and hereby does move the Court for an order dismissing with prejudice the First Amended Complaint of Plaintiff Sonya Valenzuela pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made on the grounds that Ms. Valenzuela's claims for violation of the California Invasion of Privacy Act (CIPA) under Penal Code §§ 631 and 632.7, for violation of California Penal Code § 502 (the "Comprehensive Data Access and Fraud Act," or CDAFA), for invasion of privacy under the California Constitution, and for intrusion upon seclusion all fail as a matter of law.

***No Injury—All Claims.*** Ms. Valenzuela's claims fail because she fails to meet the minimum harm requirements of each claim, including: (1) diminished privacy interest (required for CIPA, invasion of privacy, and intrusion upon seclusion); or (2) harm to her computer (required under CDAFA).

***Other Claim-Specific Reasons.*** Ms. Valenzuela's amended claims all fail for separate claim-specific reasons:

- *Section 631.* The section 631 claim fails because her allegations (1) fall outside the statute's scope (she alleges no "telephone" use, she does not meet her burden to show lack of consent, and she fails to show a predicate violation); (2) do not comprise sufficient facts stating an allegedly culpable third party operates as an extension of WWF; and (3) do not show WWF had the necessary intent for aiding and abetting.

- *Section 632.*7. The new section 632.7 claim fails because (1) this statute applies only to communications between *two telephones*; (2) she impliedly

consented to any recording; and (3) she makes no allegations establishing WWF's necessary intent for aiding and abetting.

- *CDAFA.*  Ms. Valenzuela's amended CDAFA claim fails because she has not alleged (1) any unauthorized use of data; or (2) any computer access without permission, both of which are required under the statute.

- *Constitutional/Common Law Privacy and Intrusion.*  Ms. Valenzuela's amended privacy and intrusion claims under the California Constitution and California common law fail because she fails to allege any highly offensive use of private information.

This motion is based on this notice; the concurrently filed memorandum; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 7, 2023, during which counsel thoroughly discussed the substance and potential resolution of this motion by videoconference.

Dated:  September 14, 2023          DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob Harper*
    Jacob M. Harper

*Attorneys for Defendant World Wildlife Fund, Inc.*

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND CONTEXT .................................................................. 1

II.  BACKGROUND ....................................................................................... 4

    A.  Factual Allegations. .............................................................................. 4

    B.  The Numerous Dismissals for Mr. Ferrell's Similar Claims. .............. 4

III.  LEGAL STANDARD ............................................................................... 6

IV.  ALL CLAIMS FAIL FOR LACK OF REQUISITE INJURY ................ 6

    A.  Ms. Valenzuela Does Not Allege Disclosure of Private
        Information. ........................................................................................... 6

    B.  Ms. Valenzuela Does Not Allege a CDAFA Injury ............................. 9

V.  THE COMPLAINT FAILS FOR CLAIM-SPECIFIC REASONS ....... 10

    A.  Ms. Valenzuela Fails to State a Claim Under Section 631. .............. 10

        1.  Ms. Valenzuela's Allegations Fall Outside CIPA's Scope ...... 10

            a.  Clause 1—No Telephone. .............................................. 11

            b.  Clause 2—No Lack of Consent or Interception. ........... 11

            c.  Clause 3—No Predicate Violation ................................ 14

        2.  Ms. Valenzuela Fails to Allege an Active Eavesdropper. ....... 14

        3.  Ms. Valenzuela Fails to Allege Derivative Liability. .............. 16

    B.  Ms. Valenzuela Fails to State a Claim Under Section 632.7. ........... 17

        1.  Section 632.7 Applies to Telephonic Communications.......... 18

        2.  Ms. Valenzuela Impliedly Consented to Any Recording. ....... 19

        3.  Ms. Valenzuela Fails to Allege Derivative Liability. .............. 19

    C.  Ms. Valenzuela Fails to State a Claim Under CDAFA..................... 20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1.      No Unauthorized Use of Data. .................................................. 20

2.      No "Access" of a Computer. ................................................... 21

D.      Ms. Valenzuela Fails to Allege an Offensive Intrusion. .................... 22

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................6

*Austin B. v. Escondido Union Sch. Dist.*,
149 Cal. App. 4th 860 (2007) ........................................................ 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................6

*Byars v. Goodyear Tire & Rubber Co.*,
2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ..................................... 18

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .......................... 1, 5, 18

*Byars v. Sterling Jewelers, Inc.*,
2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .................................. 6, 7

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) .................................................................6

*Cody v. Boscov's, Inc.*,
2023 WL 2338302 (C.D. Cal. Mar. 2, 2023)....................... 10, 14, 15

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ................................................9

*Doe v. 2TheMart.com Inc.*,
140 F. Supp. 2d 1088 (W.D. Wash. 2001)...........................................8

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ...................................................................... 18

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011) .......................................................... 22

*Gilbert v. City of Sunnyvale*,
130 Cal. App. 4th 1264 (2005) ........................................................ 20

iii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Heeger v. Facebook, Inc.*,
    509 F. Supp. 3d 1182 (N.D. Cal. 2020) ................................................... 8, 20, 21

*Hernandez v. Hillsides, Inc.*,
    47 Cal. 4th 272 (2009) ......................................................................... 7, 21, 22

*I.C. v. Zynga, Inc.*,
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) ....................................................8

*In Re Anonymous Online Speakers*,
    661 F.3d 1168 (9th Cir. 2011) ...............................................................8

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) ................................................................ 7, 8

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ..................................................... 22

*In re Google, Inc. Privacy Pol'y Litig.*,
    58 F. Supp. 3d 968 (N.D. Cal. 2014) ..................................................... 22

*In re Michael T.*,
    84 Cal. App. 3d 907 (1978) ................................................................. 17

*In re Vizio, Inc. Consumer Priv. Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ................................................... 13

*Kearney v. Salomon Smith Barney, Inc.*,
    39 Cal. 4th 95 (2006) ......................................................................... 17

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) ................................................................ 13

*Licea v. Am. Eagle Outfitters, Inc.*,
    2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ............................................ *passim*

*Licea v. Cinmar, LLC*,
    2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) ............................................ 12, 17

*Licea v. Vitacost.com, Inc.*,
    2023 WL 5086893 (S.D. Cal. July 24, 2023) ............................................ *passim*

*Martin v. Sephora USA, Inc.*,
    2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ............................................ 5, 18

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) .................................................. 11, 13, 14

*Montantes v. Inventure Foods*,
    2014 WL 3305578 (C.D. Cal. July 2, 2014)....................................................... 12

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
    2018 WL 6168035 (C.D. Cal. June 12, 2018) .....................................................2

*People v. Childs*,
    220 Cal. App. 4th 1079 (2013) ........................................................................ 21

*People v. McCoy*,
    25 Cal. 4th 1111 (2001) ................................................................................... 16

*People v. Mendoza*,
    18 Cal. 4th 1114 (1998) ................................................................................... 16

*People v. Perez*,
    35 Cal. 4th 1219 (2005) ............................................................................ 10, 14

*Pratt v. Higgins*,
    2023 WL 4564551 (N.D. Cal. July 17, 2023)....................................... 2, 9, 19, 21

*Reyes v. Educ. Credit Mgmt. Corp.*,
    773 F. App'x 989 (9th Cir. 2019) .................................................................... 11

*Rodgers v. Hedgpeth*,
    320 F. App'x 815 (9th Cir. 2009) .................................................................... 16

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ............................................................................ 13

*Shayler v. 1310 PCH, LLC*,
    51 F.4th 1015 (9th Cir. 2022) ...........................................................................1

*Smith v. LoanMe, Inc.*,
    11 Cal. 5th 183 (2021) ........................................................................ 12, 17, 19

*Smith v. Maryland*,
    442 U.S. 735 (1979)..........................................................................................7

*So v. Bay Area Rapid Transit*,
    2013 WL 5663207 (N.D. Cal. Oct. 17, 2013) ........................................... 16, 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ................................................................6

*Tavernetti v. Superior Ct.*,
  22 Cal. 3d 187 (1978) ............................................................... 10, 14

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .....................................................................7

*United States v. Christensen*,
  828 F.3d 763 (9th Cir. 2015) ........................................................ 20

*United States v. Forrester*,
  512 F.3d 500 (9th Cir. 2008) ..................................................... 8, 20

*United States v. Staves*,
  383 F.3d 977 (9th Cir. 2004) ........................................................ 11

*Valenzuela v. Keurig Green Mountain, Inc.*,
  2023 WL 3707181 (N.D. Cal. May 24, 2023) ........................... 11, 15

*Valenzuela v. Kroger Co.*,
  2023 WL 4418887 (C.D. Cal. June 23, 2023) .............................. 10

*Vess. v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .......................................................6

*Warden v. Kahn*,
  99 Cal. App. 3d 805 (1979) ...................................................... 1, 10

*Williams v. What If Holdings, LLC*,
  2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ............................ 14

**Statutes**

California Penal Code
  § 502 ............................................................................... *passim*
  § 630 ...........................................................................................6
  § 631 ............................................................................... *passim*
  § 632.7 ........................................................................... *passim*

**Rules**

Federal Rule of Civil Procedure 9(b) .................................................6

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1, 2

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION AND CONTEXT

Over 40 years ago, the California Court of Appeal held wiretapping restrictions of Penal Code § 631—a quasi-criminal statute that must be "interpreted in favor of the alleged violator"—"apply ***only*** to eavesdropping by a third party and not to recording by a participant to a conversation" using "*telephone* or *telegraph wires* or equipment." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 & n.3 (1979) (emphasis added).  Nonetheless, in August 2022, plaintiff Sonya Valenzuela and her enterprising counsel, Scott Ferrell, began filing complaints against operators of websites with customer webchats.  Mr. Ferrell's goal has been to find a court willing to apply California's telephonic wiretap laws to Internet webchat services— and in doing so open the door to a stream of attorney's fees based on this misdirected attempt to rewrite longstanding law.

Mr. Ferrell has filed over 50 complaints (including more than a dozen with Ms. Valenzuela as a "tester" plaintiff).[1]  District courts around California have dismissed these actions as (among other things) "incoherent" (*Licea v. Vitacost.com, Inc.*, 2023 WL 5086893, at *2 (S.D. Cal. July 24, 2023)), and "cookie-cutter pleadings" (*Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *13 (C.D. Cal. Feb. 14, 2023)).  Such "boilerplate allegations of varying merit" are the "hallmark of abusive . . . litigation." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022).  The Ninth Circuit recently criticized similar serial litigants who go out manufacturing statutory violations to extort businesses with a "wave of 'get-money-quick' lawsuits." *Id.* at 1017.  And Mr. Ferrell was implicated in a multi-year RICO case based on a prior scheme, under a different California Invasion of Privacy Act (CIPA) provision, for allegedly bribing prospective plaintiffs to call businesses and falsely claim they did not know the call was

---

[1] A comprehensive list of these similar actions is included as Appendix A.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recorded. *See Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6168035, at *12 (C.D. Cal. June 12, 2018) (ordering document production because "the preponderance of the evidence shows that Defendants were 'engaged in' a fraudulent scheme to manufacture litigation and commit fraud upon the court"), *on reconsideration*, 2019 WL 3110021 (C.D. Cal. Mar. 19, 2019).

\*        \*        \*

Enter the latest of these cookie-cutter lawsuits, Ms. Valenzuela's present suit against defendant World Wildlife Fund, Inc. (WWF). Mr. Ferrell and Ms. Valenzuela copy and paste from their other failed complaints in yet another sloppy attempt to resurrect their wiretap theory.[2] As with his other failed lawsuits, Mr. Ferrell claims his tester visited WWF's website and sent a webchat to WWF that WWF itself (he says) "eavesdropped." For this, Ms. Valenzuela and Mr. Ferrell seek class relief of millions of dollars, as well as attorneys' fees. Their theory of the case, like many of the allegations, is demonstrably false.

This complaint should be dismissed with prejudice under Rule 12(b)(6) for at least five reasons:

***No Injury (All Claims).*** Ms. Valenzuela alleges no cognizable harm necessary to support any of her claims. The CIPA, invasion of privacy, and intrusion upon seclusion claims all require harm to her privacy interests. Ms. Valenzuela has not identified any specific information that implicates a protectable privacy interest. (*See generally* ECF. No. 15, First Amended Complaint (FAC).) Her only remaining claim under Penal Code § 502 (the "Comprehensive Data Access and Fraud Act," or CDAFA) similarly fails, because she has not alleged any losses related to a computer as required by the statute. *See Pratt v.*

---

[2] The copy/paste job was so sloppy that Ms. Valenzuela failed to change the name of the third-party vendor providing chat-related services to WWF, repeatedly referencing a company called "SalesForce" whose services WWF does not use.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Higgins*, 2023 WL 4564551, at *9 (N.D. Cal. July 17, 2023) (CDAFA "loss" means "costs related to fixing a computer, lost revenue, or other consequential damages incurred due to an interruption of computer services").

***No Eavesdropping or Wiretapping (Penal Code § 631(a)).*** The Penal Code § 631(a) claim fails because the incoherent allegations do not establish any wiretapping or eavesdropping, as established by myriad cases Mr. Ferrell seeks to avoid. Ms. Valenzuela's derivative liability theory fails with no allegations that (1) any allegedly culpable third party operated as anything other than a tool for WWF or (2) WWF intended to facilitate any third party's alleged CIPA violation.

***No Applicable Technology (Penal Code § 632.7).*** The Penal Code § 632.7 claim fails because section 632.7 applies only to communications between *two telephones*—and myriad similar cases have held a website does not qualify as a telephone as a matter of law. This claim also fails because Ms. Valenzuela impliedly consented to any recording by typing out and transmitting her messages, and she alleges no facts suggesting WWF intended to facilitate any third party's alleged CIPA violation.

***No Alleged Access by WWF (CDAFA).*** The CDAFA claim fails because she has not alleged any facts showing WWF used any data impermissibly or accessed her device under the statute. The only information she alleges WWF obtained from her is her IP address, which Ms. Valenzuela necessarily gave to WWF to access the website. (FAC ¶ 22.)

***No Use of Private Information (Privacy Claims).*** Ms. Valenzuela's privacy claims under the California Constitution and common law fail because she does not allege any highly offensive use of any private information.

These defects are incurable. Mr. Ferrell having already amended, WWF respectfully requests the Court dismiss Ms. Valenzuela's claims with prejudice.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.    BACKGROUND

### A.    Factual Allegations.

Following removal, Ms. Valenzuela filed the operative amended complaint on behalf of a putative California class, incoherently and conclusorily alleging WWF violated sections 631 and 632.7 of CIPA, violated CDAFA, invaded privacy rights, and intruded upon seclusion. *See generally* FAC. The CIPA claims are identical to numerous boilerplate lawsuits Ms. Valenzuela and her counsel have filed over the past year to shoehorn voluntary online chat communications into statutory "wiretapping." *Supra* § II.B. Nearly all the "factual" allegations are not true.

According to the amended complaint, visitors to WWF's website may use its webchat feature to communicate with WWF. (FAC ¶¶ 4–5.) Ms. Valenzuela claims that sometime in 2023 she visited WWF's website and, using its webchat feature, "conducted a brief conversation with an agent of Defendant"—though she does not allege the contents or extent of this conversation. (*Id.* ¶ 4.) She contends that a code allegedly embedded by a third-party service provider called SalesForce "into Defendant's chat feature" somehow "eavesdrops on" the recording and transmits it back to SalesForce. (*Id.* ¶¶ 28–29.) She alleges that this third-party conduct violated CIPA. (*Id.* ¶¶ 47–61.)

Ms. Valenzuela also alleges that WWF's website uses certain tools provided by third-party service providers FullContact and LiveRamp to somehow access her smartphone device in contravention of CDAFA and, by somehow identifying her, violated her privacy and intruded on her seclusion. (FAC ¶¶ 21–22, 62–82.)

She seeks statutory damages, compensatory damages, punitive damages, injunctive relief, and attorneys' fees. (FAC ¶¶ 54, 61, 64, 75, 82 & Prayer.)

### B.    The Numerous Dismissals for Mr. Ferrell's Similar Claims.

Ms. Valenzuela's complaint is not unique to WWF. Her counsel has filed these same boilerplate CIPA claims against defendants in courts around the state

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and has not passed the pleading stage (with one exception that *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at \*15 (E.D. Cal. Mar. 30, 2023), *adopted*, 2023 3061957 (E.D. Cal. Apr. 24, 2023), called an "outlier").

The Honorable Jesus G. Bernal recently admonished Mr. Ferrell for filing these wholly deficient complaints:

> [T]he Court acknowledges the central dynamic in this litigation, underscoring all of the deficiencies in the FAC: Plaintiff, and her counsel, Scott Ferrell, are serial litigants bringing numerous "cookie cutter" lawsuits under CIPA against various businesses that operate websites. . . .
>
> . . .
>
> At the end of the day, *Twombly-Iqbal* pleading standards might be distilled to a single proposition: if a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant . . ., then almost by definition he is pleading without the factual specificity necessary to state a claim for relief.

*Hot Topic*, 2023 WL 2026994, at \*4–5.

Myriad courts have dismissed Mr. Ferrell's effectively identical CIPA claims for his faulty theory premised on a vendor's code. Allegations that a defendant paid a vendor "to obtain and store the[] communications" are insufficient. *Vitacost.com*, 2023 WL 5086893, at \*4. This is because a vendor that "merely facilitate[s] customer chats as an extension of the company does not trigger derivative liability under § 631(a)." *Sephora*, 2023 WL 2717636, at \*13 ; *see also Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at \*8 (C.D. Cal. Mar. 7, 2023) (dismissing; "Plaintiff fail[ed] to plead that the alleged third party acted independently from Defendant").

Ms. Valenzuela's CIPA theory has not changed from these failed complaints. Her new theories regarding CDAFA and invasion of privacy do not remedy her

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

deficient pleading.  All of Ms. Valenzuela's claims should be dismissed with prejudice.

## III.    LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must state a claim that is "plausible on its face.".  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts require "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  Courts may properly dismiss if the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Dismissal should be with prejudice where amendment would be futile. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

Ms. Valenzuela must, moreover, plead with particularity under Rule 9(b) because she bases all her claims on a broad, unified course of conduct that she alleges constitutes "fraud."  (FAC ¶¶ 62–65, 74, 81); *Vess. v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (complaints "alleg[ing] a unified course of fraudulent conduct . . . must satisfy the particularity requirement of Rule 9(b)").

## IV.    ALL CLAIMS FAIL FOR LACK OF REQUISITE INJURY.

All Ms. Valenzuela's claims fail because she does not meet the minimum harm requirements of each claim:  (1) diminished privacy interest (CIPA, invasion of privacy, intrusion upon seclusion); or (2) harm to her computer (CDAFA).

### A.    Ms. Valenzuela Does Not Allege Disclosure of Private Information.

First, to bring a claim under CIPA, for invasion of privacy, and intrusion upon seclusion, a plaintiff must allege some legally protectable privacy interest. CIPA codifies a substantive "right of privacy of the people of this state."  Cal. Penal Code § 630; *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Apr. 5, 2023) (examining whether plaintiff "identified any harm to her privacy" to allege a CIPA claim). California's constitutional and common law privacy claims have "largely parallel elements," including an "intrusion upon reasonable expectations of privacy." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 288 (2009); Ms. Valenzuela does not establish a reasonable expectation of privacy.

A privacy interest must be "legally protected" and "reasonable." *Hernandez*, 47 Cal. 4th at 287. "A right to privacy 'encompass[es] the individual's control of information concerning his or her person.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (alteration in original, citation omitted). But it is bedrock law that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979).

Ms. Valenzuela's vague allegations that WWF obtained her IP address and somehow identified her "name, location, e-mail, browsing history, and other personal information" fail to assert a legally protectable right to privacy. (FAC ¶ 22.)

**Webchats.** Ms. Valenzuela does not allege the substance of the webchats she sent to WWF and merely claiming a CIPA violation fails to establish harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."). She "does not allege that she disclosed any sensitive information to [WWF], much less identify any specific personal information she disclosed." *Sterling*, 2023 WL 2996686, at *3. This means she has not established "any harm to . . . privacy." *Id.* (dismissing for lack of standing). Further, in sending webchats to WWF, she assumed the risk that WWF would record and share them, precluding any legitimate expectation of privacy in them. *Maryland*, 442 U.S. at 744 (holding petitioner "assumed the risk that the company would reveal" telephone numbers dialed).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**IP Address.**  Ms. Valenzuela pleads with particularity only that WWF obtained her IP address.  (FAC ¶ 22.)  IP addresses are not private.  She "should know that [IP address] information is provided to and used by Internet service providers for the specific purposes of directing the routing information."  *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1190 (N.D. Cal. 2020) (alteration in original; dismissing for lack of standing).  "Internet users have no expectation of privacy in . . . the IP addresses of the websites they visit because . . . this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information."  *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008).

**Name, Location, E-mail.**  Ms. Valenzuela vaguely alleges WWF somehow "identif[ied]" certain contact information, failing to meet either pleading standard.  (FAC ¶ 22.)  Moreover, "basic contact information, including one's email address, [or] phone number" is not private, because it is "available through ordinary inquiry and observation."  *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) ("there is no liability for giving publicity to facts . . . that are matters of public record").  There is "no expectation of privacy in the to/from addresses of [email] messages."  *Forrester*, 512 F.3d at 510.

**Browsing History, Online Anonymity.**  The FAC's proclamations of a broad right of privacy in "anonymity online" are inaccurate.  (FAC ¶¶ 7, 9.)  *In re Facebook* found plaintiffs had standing where they alleged Facebook "correlat[ed] users' browsing history with users' personal Facebook profiles . . . [which] would allegedly reveal an individual's likes, dislikes, interests, and habits."  956 F.3d at 598–99.  No such allegations are present here.  Likewise, Ms. Valenzuela does not allege she made any anonymous postings online that someone deanonymized and thereby chilled her free speech.  (FAC ¶ 9, citing *In Re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("It is now settled that 'an author's decision to remain anonymous . . . is an aspect of the freedom of speech protected

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 by the First Amendment.'"); *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088,

2 1093 (W.D. Wash. 2001) ("A component of the First Amendment is the right to

3 speak with anonymity.").) She does not even allege she tried to conceal her

4 identity. Ms. Valenzuela has no right to privacy in anything she disclosed to WWF.

5 **B.    Ms. Valenzuela Does Not Allege a CDAFA Injury.**

6 Second, to bring a civil claim under CDAFA, a computer owner must have

7 "suffer[ed] damage or loss by reason of a violation." Cal. Penal Code § 502(e)(1).

8 CDAFA permits recovery of "[c]ompensatory damages [that] include any

9 expenditure reasonably and necessarily incurred by the owner or lessee to verify

10 that a computer system, computer network, computer program, or data was or was

11 not altered, damaged, or deleted by the access." *Id.* Courts thus construe "damage

12 or loss" narrowly, as "encompass[ing] costs related to fixing a computer, lost

13 revenue, or other consequential damages incurred due to an interruption of

14 computer services." *Pratt*, 2023 WL 4564551, at *9; *see also Cottle v. Plaid Inc.*,

15 536 F. Supp. 3d 461, 487 (N.D. Cal. 2021) (dismissing for failure to "plead facts

16 supporting actual damage or loss to Plaintiffs").

17 Ms. Valenzuela alleges no such loss or damage related to a computer.

18 Instead, she alleges only vague and conclusory "harms" ostensibly stemming from

19 deanonymization. (FAC ¶ 23.) Her allegations amount to, at most, a loss of control

20 of her own data, which is insufficient to state a CDAFA claim. *Cottle*, 536 F. Supp.

21 3d at 488 (no support that "the loss of the right to control their own data . . . and the

22 loss of the right to protection of the data" is "damage or loss" under CDAFA). Her

23 CDAFA claim fails as a matter of law.

24

25

26

27

28

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## V.   THE COMPLAINT FAILS FOR CLAIM-SPECIFIC REASONS.

### A.   Ms. Valenzuela Fails to State a Claim Under Section 631.

Ms. Valenzuela pleads only a derivative theory of liability against WWF based on SalesForce's alleged CIPA violation.[3]  (FAC ¶ 50.)  This is the only route to liability for WWF because, under the well-established "party exception," WWF cannot be liable for recording its own conversations.  *See, e.g.*, *Warden*, 99 Cal. App. 3d at 811 (section 631 "appl[ies] only to eavesdropping by a third party and not to recording by a participant to a conversation"); *Cody v. Boscov's, Inc.*, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) (dismissing with prejudice claim brought against party to the communication).  But her derivative liability theory still fails because her allegations (1) fall outside the statute's scope; (2) support only the inference that WWF uses a tool to record its conversations; and (3) do not show WWF had the necessary mens rea for aiding and abetting.

### 1.   Ms. Valenzuela's Allegations Fall Outside CIPA's Scope.

Section 631(a) prohibits three types of conduct: Clause 1 prohibits wiretapping; Clause 2 prohibits eavesdropping; and Clause 3 prohibits using or sharing information obtained in violation of the first two clauses, or aiding and abetting another's violation of the first two clauses.  *See Valenzuela v. Kroger Co.*, 2023 WL 4418887, at *2 (C.D. Cal. June 23, 2023) (citing *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978)).  To plead a derivative liability theory, Ms. Valenzuela "must first adequately plead [a third party's] underlying violation[] of the statute."  *Cody*, 2023 WL 2338302, at *2.  Without "proof of a predicate offense, . . . an aiding and abetting theory cannot be sustained."  *People v. Perez*, 35 Cal. 4th 1219, 1225 (2005).  Ms. Valenzuela's allegations cannot establish a predicate violation because (a) the first clause applies only to telephone communications, rendering it inapplicable; (b) the second clause applies only if

---

[3] California Penal Code § 631(a) is quoted in full in Appendix B.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

SalesForce intercepted chats "in transit," which it could not have done, and Ms. Valenzuela impliedly consented to any recording; and (c) the third clause applies only if one of the first two clauses are violated.

### a.    Clause 1—No Telephone.

Section 631(a)'s first clause is explicitly limited to the wiretapping of a "*telegraph* or *telephone wire*, line, cable, or instrument." Cal. Penal Code § 631(a) (emphasis added). "Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet." *Am. Eagle*, 2023 WL 2469630, at *4, *6 (this clause "does not apply to communications with a smart phone or Wi-Fi-enabled laptop"); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021) ("overwhelming weight of authority" requires plausible allegation that "defendant intentionally tapped or made an unauthorized connection with a '*telegraph or telephone* wire'").

But Ms. Valenzuela makes no allegations concerning any tapping of a telephone or telegraph wire. Indeed, she alleges only that she communicated with WWF via a webchat through the Internet. (FAC ¶ 37.) Ms. Valenzuela thus "fails to state a claim under clause one because Section 631(a)'s plain text does not prohibit the non-telephonic conduct described here." *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 3707181, at *2 (N.D. Cal. May 24, 2023).

### b.    Clause 2—No Lack of Consent or Interception.

Section 631(a)'s second clause prohibits eavesdropping on communications only "without . . . consent . . .while the same is *in transit*." Cal. Penal Code § 631(a). Ms. Valenzuela cannot meet her burden to show (a) lack of consent or (b) interception in transit.

### (1)    Ms. Valenzuela Consented to Any Recording.

CIPA requires the eavesdropping be without consent and the ***plaintiff*** bears the "burden to prove that the defendant lacked consent to record." *Reyes v. Educ. Credit Mgmt. Corp.*, 773 F. App'x 989, 990 n.1 (9th Cir. 2019). "[C]onsent may be

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

implied where there are surrounding circumstances indicating that the [plaintiff] knowingly agreed to the surveillance." *United States v. Staves*, 383 F.3d 977, 981 (9th Cir. 2004) (cleaned up).

Webchats, as written communications, lead to an inference of implied consent to recordation: "The circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient— recordation would be expected with a facsimile or text transmission, for example." *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 194 n.4 (2021). Indeed, as the Southern District of California recognized in a similar case brought by Mr. Ferrell: "Each party to a chat communication necessarily records that party's own message in sending it to the other party. The sender's consent to recording in this manner is self-evident." *Vitacost.com*, 2023 WL 5086893, at *3 (dismissing).

The "self-evident" consent to recordation the *Vitacost.com* court found likewise applies here to Ms. Valenzuela's webchats. Ms. Valenzuela typed out and transmitted her webchat messages. *See Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D. Cal. July 2, 2014) ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient."). Recordation is a natural consequence of the webchat medium as for other written communications. *See LoanMe*, 11 Cal. 5th at 194 n.4. Consent to such recordation is thus implied as a matter of law.

### (2) Messages Were Not Intercepted In Transit.

"The second clause of section 631(a) requires that messages be intercepted while in transit." *Am. Eagle*, 2023 WL 2469630, at *8; *see* Cal. Penal Code § 631(a). "[C]onclusory allegations" that a defendant or third party "intercepts" or "eavesdrops" without "specific facts as to how or when the interception takes

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

place . . . fall short of stating a plausible claim." *Licea v. Cinmar, LLC*, 2023 WL 2415592, at *9–10 (C.D. Cal. Mar. 7, 2023).

Ms. Valenzuela pleads only conclusory allegations regarding interception: "The code enables and allows SalesForce to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications . . . ." (FAC ¶ 30.)  She "does not allege specific facts as to how or when the interception takes place, which has been found to fall short of stating a plausible claim." *Am. Eagle*, 2023 WL 2469630, at *9 (allegation that defendant used "third party vendor to 'secretly intercept, eavesdrop upon, and store transcripts of Defendant's chat communications'" failed to state claim); *see also In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing "conclusory allegation that Vizio intercepted [plaintiffs'] electronic communications 'during transmission'").

A claim under the second clause requires a defendant "stop, seize, or interrupt [a communication] in progress or course before arrival." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).[4]  "[T]he crucial question under § 631(a)'s second clause is whether [plaintiff] has plausibly alleged that [defendant] read one of his communications while it was still in transit, i.e., before it reached its intended recipient." *Mastel*, 549 F. Supp. 3d at 1137 (dismissing).

Ms. Valenzuela fails to allege any plausible facts that answer this crucial question.  She alleges only that WWF "allowed a company called SalesForce to covertly embed code into Defendant's chat feature."  (FAC ¶ 29.)  But SalesForce could not have intercepted the chat message(s) because the moment the communication reached WWF's website (where the code is allegedly located) it

---

[4] "Because the federal Wiretap Act (18 U.S.C. § 2511(1)(a)) also requires messages be intercepted while in transit, courts have looked at cases analyzing the Wiretap Act," like *Konop*, "as informative of section 631(a)."  *Am. Eagle*, 2023 WL 2469630, at *8.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"arrived" at its intended recipient. *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898

(1975) (no interception while message "is in transit; the recording rather transcribes

the message as it is being received"); *Konop*, 302 F.3d at 877–78 (once electronic

communication arrives at the recipient, it becomes a "stored" communication and

cannot be "intercepted" "in transmission").

### c.    Clause 3—No Predicate Violation.

Section 631(a)'s third clause prohibits "us[ing] or communicat[ing]

information obtained as a result of engaging in either of the two previous" clauses.

*Tavernetti*, 22 Cal. 3d at 192.  Ms. Valenzuela's failure to allege a violation of

section 631(a)'s first or second clause thus forecloses her claim under the third.

*Mastel*, 549 F. Supp. 3d at 1137 (failure "to state a claim under either clause 1 or 2"

means claim under "third clause fails as a matter of law"); *Perez*, 35 Cal. 4th at

1225 (without "proof of a predicate offense, . . . an aiding and abetting theory

cannot be sustained"); *Vitacost.com*, 2023 WL 5086893, at *3 (dismissing aiding

and abetting claim where plaintiff failed to plead webchat vendor violated CIPA;

collecting cases).

### 2.    Ms. Valenzuela Fails to Allege an Active Eavesdropper.

Even if Ms. Valenzuela's allegations fell within CIPA's scope (they do not),

her attempt to plead the necessary predicate CIPA violation fails under the party-

exception doctrine.  To establish a section 631(a) violation, Ms. Valenzuela must

plead facts suggesting a third party is "recording Defendant's customers'

information for some use or potential future use *beyond simply supplying this

information back to Defendant*."  *Cody*, 2023 WL 2338302, at *2 (emphasis added).

"[T]he question boils down to whether [the vendor] was an independent third party

hired to eavesdrop on [the website owner's] communications, or whether

[the vendor's] software was merely a tool that [the website owner] used to record its

own communications with plaintiff."  *Williams v. What If Holdings, LLC*, 2022 WL

17869275, at *3 (N.D. Cal. Dec. 22, 2022).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Valenzuela alleges SalesForce's code was merely a tool for WWF to
record its own conversations.  She alleges that WWF "caused the internet
communication between Plaintiff and Class Members with Defendant's Website to
be recorded."  (FAC ¶¶ 50–51.)  She alleges only that WWF uses a tool to record its
own conversations.

The Southern District recently dismissed similar aiding and abetting claims
brought by Mr. Ferrell, where the plaintiff alleged that "Defendant is paying . . .
a vendor . . . for the service that [the vendor] provides to obtain and store these
communications."  *Vitacost.com*, 2023 WL 5086893, at *4.  The court ruled
"a website owner that engages a vendor to record website-based communications
for the website owner's own purposes is not thereby aiding and abetting
eavesdropping by a third party in violation of Section 631(a)."  *Id.* (collecting
cases).  Other courts agree with this reasoning.  *See supra* § II.B.

Ms. Valenzuela's conclusory and confusing allegations mischaracterizing
FullContact and LiveRamp as "spyware companies" do not save her claim.
(FAC ¶¶ 21, 22.)  She does not provide any explanation for how, if at all, these
companies interact with the alleged "SalesForce code" or WWF's webchat.
Her vague and conclusory allegations regarding Meta and Kustomer are irrelevant
to her claim because she does not allege WWF does business with or is affiliated
with them.  Nor does she allege any facts suggesting Meta, Kustomer, or SalesForce
used WWF data (or any data) to generate their own targeted advertising.
The Northern District recently dismissed a section 631(a) claim based on
Ms. Valenzuela's similar conclusory allegations:  "Plaintiff alleges only that Meta is
integrated with a *different* chat provider—Kustomer.  That is insufficient because
Plaintiff does not allege Defendant uses Kustomer on its website."  *Keurig*, 2023
WL 3707181, at *4.

Ms. Valenzuela's vague and conclusory allegations regarding alleged "profit"
from "bombarding" her and other website users with "targeting marketing" also fail

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to save her claim.  (FAC ¶¶ 23, 32–36 & Intro.)  Courts routinely find such allegations insufficient.  *E.g.*, *Cody*, 2023 WL 2338302, at *2 (allegations third parties used code to "harvest . . . data" insufficient); *Am. Eagle*, 2023 WL 2469630, at *6–8 (same).

### 3.    Ms. Valenzuela Fails to Allege Derivative Liability.

Ms. Valenzuela's section 631(a) claim fails for a third independent reason, namely, her inability to plead WWF's mens rea necessary for a derivative liability theory.  "Aiding and abetting requires . . . 'the defendant acted with [1] knowledge of the criminal purpose of the perpetrator and with [2] an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.'" *Rodgers v. Hedgpeth*, 320 F. App'x 815, 817 (9th Cir. 2009) (quoting *People v. McCoy*, 25 Cal. 4th 1111, 1118 (2001)); *see also People v. Mendoza*, 18 Cal. 4th 1114, 1129 (1998) ("aider and abettor must intend not only the act of encouraging and facilitating but also the *additional* criminal act the perpetrator commits").  Ms. Valenzuela alleges no facts supporting a reasonable inference that WWF both (1) knew SalesForce intended to violate CIPA *and* (2) intended to encourage or facilitate such violation.

***Knowledge*.**  Ms. Valenzuela does not allege any facts supporting the inference that WWF knew any third party intended to violate CIPA.  She alleges only that WWF "allowed" SalesForce to embed a code and "knows that SalesForce captures the electronic communications."  (FAC ¶¶ 29, 51.)  These allegations fail because the relevant inquiry is whether WWF knew SalesForce would *misuse* information collected for WWF's own purposes in violation of CIPA.  *Rodgers*, 320 F. App'x at 817.  She makes no such allegation.  No culpable knowledge could be inferred from WWF's alleged mere use of SalesForce's code and such code's alleged connection to Meta, for the reasons discussed in the previous section.  Even if the allegations toed that line, they only support an inference that WWF had a reason to *suspect* a CIPA violation—not that WWF *actually knew* of any intention

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to violate CIPA.  Suspicion of wrongdoing does not impose derivative liability.
*See McCoy*, 25 Cal. 4th at 1118 (requiring "knowledge of the criminal intent");
*So v. Bay Area Rapid Transit*, 2013 WL 5663207, at *12 (N.D. Cal. Oct. 17, 2013)
(dismissing where "the allegations as pleaded permit[ted] the court to infer, at the
most, that Defendants might have had a vague suspicion of wrongdoing").

    ***Intent***.  Ms. Valenzuela also does not allege any facts supporting the
inference that WWF intended a CIPA violation.  Even if she sufficiently alleged
knowledge (which she does not), mere knowledge is insufficient for derivative
liability.  *In re Michael T.*, 84 Cal. App. 3d 907, 911 (1978) ("mere knowledge that
a crime is being committed and the failure to prevent it does not amount to aiding
and abetting").  Her allegation that WWF "intentionally caused the internet
communication between Plaintiff and Class Members with Defendant's Website to
be recorded" is irrelevant.  (FAC ¶ 50.)  WWF is permitted to hire a vendor to
record its webchats as discussed in the previous section, so allegations that WWF
enabled or allowed any recording are irrelevant because they also fall under the
party exception.  "Mere knowledge" that an unlawful act "is being committed and
the failure to prevent it does not constitute" aiding and abetting.  *Bay Area*, 2013
WL 5663207, at *12 (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App.
4th 860, 879 (2007)) (dismissing).

    **B.    Ms. Valenzuela Fails to State a Claim Under Section 632.7.**

    Ms. Valenzuela's second CIPA claim fails because (1) section 632.7[5] applies
to communications only between *two telephones*—and WWF's website does not
qualify as a telephone as a matter of law; (2) Ms. Valenzuela impliedly consented to
any recording by typing out and transmitting her messages, and (3) her derivative
liability theory again fails with no allegations establishing the necessary mens rea.

_____

[5] California Penal Code § 632.7(a) is quoted in full in Appendix C.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1.       **Section 632.7 Applies to Telephonic Communications.**

Courts have consistently held § 632.7 covers call recording and by its plain terms applies only to communications "'transmitted between' a cellular or cordless telephone and another telephone." *LoanMe*, 11 Cal. 5th at 187 (quoting Cal. Penal Code § 632.7(a)). "[A] communication covered by section 632.7 must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side." *Cinmar*, 2023 WL 2415592, at *12 (dismissing with prejudice). Courts uniformly discuss Section 632.7 in terms of protecting "telephone conversations." *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 125 (2006) (Section 632.7 enacted to protect privacy on "cordless or cellular phones"); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, n.2 (2002) ("Section 632.7 . . . prohibits intentionally intercepting or recording communications involving cellular telephones and cordless telephones.").

Ms. Valenzuela's allegations show they fall outside of the scope of section 632.7. She alleges only that she communicated with WWF's website over the Internet. (FAC ¶¶ 22, 37.) A "website is simply not a 'landline telephone,'" so the statute "does not apply to the communications at issue here." *Vitacost.com*, 2023 WL 5086893, at *4. Her alleged use of her "smart phone" to access a web browser to transmit the webchats similarly falls outside the scope of the statute. (FAC ¶ 37.) *See Vitacost.com*, 2023 WL 5086893, at *5 ("Plaintiff's use of his smartphone—not to make a phone call, but rather to engage the chat feature of Defendant's website—arguably independently places Plaintiff's own device outside the scope of a 'cellular radio telephone.'").

Ms. Valenzuela cites an "outlier" opinion regarding this telephony requirement of section 632.7, *Byars v. Goodyear Tire & Rubber Co.*, 2023 WL 1788553, at *5 (C.D. Cal. Feb. 3, 2023). (FAC ¶ 60.) Courts have refused to follow *Goodyear* based both on CIPA's plain language and on a thorough analysis of relevant precedent. *See Hot Topic*, 2023 WL 2026994, at *11 ("persuasive

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authority like *Goodyear* is only relevant to the extent of its ability to *persuade*, and
. . . *Goodyear*'s Section 632.7 holding . . . [c]ircumvent[s] the plain language of
Section 632.7"); *Sephora*, 2023 WL 2717636, at *15 ("*Goodyear* appears to be an
outlier . . . [t]his Court finds *Goodyear* to be unpersuasive . . . and declines to adopt
its rulings due to its . . . faulty reliance on plainly distinguishable caselaw").  A
communication sent over the Internet is simply not a "telephone conversation."
*Flanagan*, 27 Cal. 4th at 768 (CIPA "was enacted in 1967, replacing prior laws that
permitted the recording of telephone conversations").

Because Ms. Valenzuela bases her section 632.7 claim on a webchat she
initiated with WWF over the Internet, the claim fails.

### 2.    Ms. Valenzuela Impliedly Consented to Any Recording.

Section 632.7 prohibits recording conversations only "without . . . consent."
Cal. Penal Code § 632.7(a).  Courts imply consent when the circumstances
surrounding certain communications "lead to a reasonable inference that a party
sending a communication has consented to having it recorded by the intended
recipient."  *LoanMe*, 11 Cal. 5th at 194 n.4.  Here, consent is implied based on the
nature of the webchat communications at issue as discussed *supra* § V.A.1.b.1.
Ms. Valenzuela impliedly consented to any alleged recording because she typed out
the messages in a recorded format and transmitted them to WWF.

### 3.    Ms. Valenzuela Fails to Allege Derivative Liability.

Ms. Valenzuela's attempt to hold WWF liable for aiding and abetting a
violation of section 632.7 falls short with no underlying violation.
*See Vitacost.com*, 2023 WL 5086893, at *5 ("As there is no violation of
Section 632.7 here, Defendant cannot be liable for aiding and abetting its vendor.").
Ms. Valenzuela also fails to allege any culpable intent or knowledge, for the same
reasons discussed s*upra* § V.A.3.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.     Ms. Valenzuela Fails to State a Claim Under CDAFA.**

Ms. Valenzuela's CDAFA claim[6] depends on her conclusory assertion that WWF "install[ed] the Identity Resolution Spyware to access class member devices and extract their personal information." (FAC ¶ 65.)  CDAFA imposes civil penalties on an entity for "accessing and taking data without permission, disrupting or denying computer services to an authorized user, or accessing a computer without permission." *Pratt*, 2023 WL 4564551, at *9.  This claim fails because the allegations to not establish (1) any unauthorized use of data or (2) any computer access without permission.

**1.     No Unauthorized Use of Data.**

Ms. Valenzuela's allegations do not support any inference that WWF took or used any of her data without permission.  The only "data" she alleges WWF obtained from her device is her IP address.  (FAC ¶ 22.)

But an IP address is only "a numerical identifier for each computer or network connected to the Internet." *Heeger*, 509 F. Supp. 3d at 1189.  As merely "addressing information," IP addresses fall outside of CDAFA's definition of "data." *Forrester*, 512 F.3d at 510 ("IP addresses constitute addressing information"); Cal. Penal Code § 502(b)(8) (defining data as "a representation of information, knowledge, facts, concepts, computer software, or computer programs or instructions.").  Even so, Ms. Valenzuela necessarily gave WWF her IP address. *Heeger*, 509 F. Supp. 3d at1189 ("IP addresses 'are voluntarily turned over'").

Because she voluntarily shared her IP address with WWF, Ms. Valenzuela cannot allege a violation of CDAFA.  Her vague and conclusory allegations that WWF somehow used her IP address to identify her do not bring her assertions within CDAFA's scope.  (FAC ¶ 22.)  No factual allegations show that WWF did not have permission use Ms. Valenzuela IP address in this manner.  Even the two

---

[6] California Penal Code § 502(c)(1)–(2) is quoted in full in Appendix D.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  cases Ms. Valenzuela cites show that a defendant must know the use was

2  unauthorized for CDAFA liability to attach.  (FAC ¶ 65, citing *United States v.*

3  *Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) ("A plain reading of the statute

4  demonstrates that its focus is on unauthorized taking or use of information."),

5  *Gilbert v. City of Sunnyvale*, 130 Cal. App. 4th 1264, 1281 (2005) ("Knowingly

6  accessing and without permission making use of any data from a computer system

7  is a crime.").)  Both cases involved defendants taking data from *confidential*

8  databases and using the data in a manner proscribed by law.  *See Christensen*,

9  828 F.3d at 777; *Gilbert*, 130 Cal. App. 4th at 1272, 1281.  In contrast, here

10  Ms. Valenzuela points to no statutes or conduct that would put WWF on notice that

11  its alleged "use" of her IP address was impermissible.

### 2.    No "Access" of a Computer.

13       Ms. Valenzuela's CDAFA claim fails also because she makes no allegations

14  showing WWF accessed her device.  That she necessarily provided her IP address

15  to reach WWF's website means WWF did not "access" her device to obtain it.

16  *See Heeger*, 509 F. Supp. 3d at 1189 ("IP addresses 'are voluntarily turned over'");

17  Cal. Penal Code § 502(b)(1) ("'Access' means to gain entry to, instruct, cause input

18  to, cause output from, cause data processing with, or communicate with, the logical,

19  arithmetical, or memory function resources of a computer, computer system, or

20  computer network.").  Ms. Valenzuela pleads only vague and conclusory allegations

21  that WWF somehow accessed her device by deploying certain tools on its own

22  website.  (FAC ¶¶ 21, 65, 69, 77.)  These contradictory allegations do nut put WWF

23  on notice of its allegedly culpable conduct and fail to establish any "access."

24  Further, a CDAFA violation requires that access be impermissible.  *People v.*

25  *Childs*, 220 Cal. App. 4th 1079, 1099 (2013) (explaining CDAFA enacted to protect

26  against "tampering, interference, damage, and unauthorized access"); *Pratt*, 2023

27  WL 4564551, at *9 (liability is imposed for "accessing a computer without

28

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    permission"). Ms. Valenzuela pleads no allegations giving rise to an inference that

2    WWF tampered or interfered with, damaged, or accessed her device.

3         **D.    Ms. Valenzuela Fails to Allege an Offensive Intrusion.**

4         Ms. Valenzuela brings two claims for violations of her right to privacy under

5    California law that are "largely parallel," requiring the Court examine "(1) the

6    nature of any intrusion upon reasonable expectations of privacy, and (2) the

7    offensiveness or seriousness of the intrusion, including any justification and other

8    relevant interests." *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797,

9    829 (N.D. Cal. 2020) (quoting *Hernandez*, 47 Cal. 4th at 288). As discussed *supra*

10   § IV.A, Ms. Valenzuela establishes no disclosure of private information.

11   Her allegations also do not establish a highly offensive intrusion, dooming both her

12   invasion of privacy and intrusion upon seclusion claims.

13        "Many courts have found that the collection—and even disclosure to certain

14   third parties—of personal information about the users of a technology may not

15   constitute a sufficiently 'egregious breach of social norms' to make out a common

16   law or constitutional privacy claim." *In re Google*, 457 F. Supp. 3d at 830

17   (collecting cases). Allegations of collecting "personal identifying information,

18   browsing habits, search queries, responsiveness to ads, demographic information,

19   declared preferences and other information . . . do not plausibly rise to the level of

20   intrusion necessary to establish an intrusion claim." *In re Google, Inc. Privacy*

21   *Pol'y Litig.*, 58 F. Supp. 3d 968, 974, 988 (N.D. Cal. 2014). The Court should

22   similarly find no intrusion here, where Ms. Valenzuela has not alleged any such

23   plausible collection of information, only that WWF obtained her IP address and

24   somehow identified her. But "no community could function" if obtaining necessary

25   information to reach a website is "highly offensive." *Hernandez*, 47 Cal. 4th at 295

26   (citation omitted). Further, the allegedly targeted marketing motivating the

27   intrusion fails to establish "highly offensive" conduct. *Folgelstrom v. Lamps Plus,*

28   *Inc.*, 195 Cal. App. 4th 986, 992 (2011) (dismissing right to privacy claim where

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defendant used plaintiff's name and zip code to mail advertisements, because such use was "not an egregious breach of social norms, but routine commercial behavior.").

WWF respectfully asks the Court to dismiss all claims with prejudice.

DATED: September 14, 2023

DAVIS WRIGHT TREMAINE LLP
JACOB HARPER
SANCHO ACCORSI
CALEAH N. WHITTEN

By: */s/ Jacob Harper*
    Jacob M. Harper

*Attorneys for Defendant World Wildlife Fund, Inc.*

The undersigned, counsel of record for World Wildlife Fund, Inc., certifies that this brief contains 6,992 words, which complies with the word limit set by court order dated August 8, 2023.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## APPENDIX A:
### List of Similar CIPA Cases Brought by Scott Ferrell

- *Valenzuela v. The Kroger Co.* (C.D.Cal.)
- *Valenzuela v. Aflac, Inc.* (C.D. Cal.)
- *Valenzuela v. AIG Direct Ins. Servs., Inc.* (C.D. Cal.)
- *Valenzuela v. M.A.C. Cosmetics* (C.D. Cal.)
- *Valenzuela v. Michael Kors* (C.D. Cal.)
- *Valenzuela v. Nationwide Mut. Ins. Co.* (C.D. Cal.)
- *Valenzuela v. Under Armour, Inc.* (C.D. Cal.)
- *Valenzuela v. BJ's Wholesale Club, Inc.* (C.D. Cal)
- *Valenzuela v. Kapersky Lab., Inc.* (Cal. Super. Ct.)
- *Valenzuela v. Massage Envy Franchising LLC* (C.D. Cal)
- *Valenzuela v. Papa Murphy's Int'l, LLC* (C.D. Cal.)
- *Licea v. The Talbots, Inc.* (Cal. Super. Ct.)
- *Byars v. The Goodyear Tire & Rubber Co.* (C.D. Cal.)
- *Byars v. Rite Aid Corp.* (C.D. Cal.)
- *Licea v. Old Navy, LLC* (C.D. Cal.)
- *Cody v. Promises Behavioral Health, LLC* (C.D. Cal.)
- *Byars v. Sterling Jewelers, Inc.* (C.D. Cal.)
- *Cody v. Athletic Propulsion Labs LLC* (C.D. Cal.)
- *Licea v. GameStop, Inc.* (C.D. Cal.)
- *Cody v. Tiffany & Co.* (C.D. Cal.)
- *Cody v. Columbia Sportswear Co.* (C.D. Cal.)
- *Cody v. Warby Parker, Inc.* (C.D. Cal.)
- *Byars v. Hot Topic, Inc.* (C.D. Cal.)
- *Licea v. Am. Eagle Outfitters, Inc.* (C.D. Cal.)
- *Licea v. UNIQLO USA LLC* (S.D. Cal.)
- *Licea v. Logitech Inc.* (S.D. Cal.)
- *Esparza v. Dickeys BBQ Pit Inc.* (S.D. Cal.)
- *Licea v. Bath & Body Works Direct Inc.* (S.D. Cal.)
- *Esparza v. Minted, LLC* (S.D. Cal.)
- *Esparza v. Minted, LLC* (S.D. Cal.)
- *Licea v. Wolverine World Wide, Inc.* (S.D. Cal.)
- *Licea v. Caraway Home Inc.* (C.D. Cal.)
- *Licea v. Genesco, Inc.* (S.D. Cal.)
- *Byars v. Casper Sleep Inc.* (C.D. Cal.)
- *Licea v. BJ Acquisition LLC* (S.D. Cal.)
- *Licea v. Payless Shoesource Worldwide, LLC* (S.D. Cal.)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- *Licea v. Overstock.com, Inc.* (S.D. Cal.)
- *Licea v. Luxottica of Am. Inc.* (C.D. Cal.)
- *Martin v. Sephora USA, Inc.* (E.D. Cal.)
- *Martin v. Lovisa America, LLC* (E.D. Cal.)
- *Licea v. Tommy Hilfiger USA Inc.* (Cal. Super. Ct.)
- *Licea v. Chewy, Inc.* (Cal. Super. Ct.)

25

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# APPENDIX B:
## California Penal Code § 631(a)

(a) Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by both a fine and imprisonment in the county jail or pursuant to subdivision (h) of Section 1170. If the person has previously been convicted of a violation of this section or Section 632, 632.5, 632.6, 632.7, or 636, the offense is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by both that fine and imprisonment.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**APPENDIX C:**
**California Penal Code § 632.7(a)**

(a) Every person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has been convicted previously of a violation of this section or of Section 631, 632, 632.5, 632.6, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## APPENDIX D:
## California Penal Code § 502(c)(1)–(2)

(c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense:

(1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899