JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
  sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

CALEAH N. WHITTEN (*pro hac vice*)
  caleahwhitten@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

*Attorneys for Defendant World Wildlife Fund, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WILDLIFE FUND, INC., d/b/a WWW.WORLDWILDLIFE.ORG,<br><br>Defendant. | Case No. **2:23-cv-06112-WLH-MAA**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Request for Judicial Notice, Declaration of Jacob M. Harper, and [Proposed] Order Filed Concurrently*]<br><br>Assigned to the Hon. Wesley L. Hsu<br><br>Date:  February 16, 2024<br>Time:  1:30 p.m.<br>Dept.:  9B<br><br>Action Filed:  June 21, 2023<br>Action Removed:  July 27, 2023 |

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 16, 2024, at 1:30 p.m., in Courtroom 9B of the above-captioned Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, defendant World Wildlife Fund, Inc. (WWF) will and hereby does move the Court for an order dismissing with prejudice the Second Amended Complaint of plaintiff Sonya Valenzuela pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made on the grounds that Ms. Valenzuela's claim for violation of the California Invasion of Privacy Act (CIPA) under Penal Code § 631 fails as a matter of law. The section 631 claim fails because WWF did not aid and abet a CIPA violation by licensing third-party software to record its own webchats for three reasons. Her allegations (1) fall outside the statute's scope (she alleges no "telephone" use and she does not allege any webchat was intercepted "in transit" and without consent); (2) do not comprise sufficient facts supporting the inference the webchat vendor exceeded its role as an extension of WWF; and (3) do not show WWF had the necessary knowledge or intent for aiding and abetting.

This motion is based on this notice; the concurrently filed memorandum, request for judicial notice, and declaration of Jacob M. Harper; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 5 and 6, 2023, during which counsel thoroughly discussed the substance and potential resolution of this motion by videoconference.

Dated:  December 12, 2023

DAVIS WRIGHT TREMAINE LLP
By: _/s/ Jacob M. Harper_
Jacob M. Harper
*Attorneys for Defendant World Wildlife Fund, Inc.*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND CONTEXT ........................................................ 1

II.    BACKGROUND .................................................................................. 4

    A.    Procedural History ........................................................................ 4

    B.    Factual Allegations. ...................................................................... 5

    C.    The Numerous Dismissals of Mr. Ferrell's Similar Claims ................. 6

III.   LEGAL STANDARD .......................................................................... 7

IV.    MS. VALENZUELA FAILS TO STATE A SECTION 631 CLAIM ...... 7

    A.    Ms. Valenzuela's Allegations Fall Outside CIPA's Scope. ................ 8

        1.    Clause 1—No Telephone. ...................................................... 8

        2.    Clause 2—No Lack of Consent or Interception ........................ 9

            a.    Ms. Valenzuela Consented to Any Recording ................. 9

            b.    Messages Were Not Intercepted in Transit .................... 10

        3.    Clause 3—No Predicate Violation. ......................................... 12

    B.    Ms. Valenzuela Fails to Allege an Active Eavesdropper .................. 12

    C.    Ms. Valenzuela Fails to Allege Derivative Liability ........................ 15

        1.    No Knowledge of Zendesk Wrongdoing. ................................ 16

        2.    No Intent to Aid Wrongdoing. ............................................... 16

V.     CONCLUSION ................................................................................ 17

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................7

*Byars v. Hot Topic, Inc.*,
   2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ........................... 1, 2, 14

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ................................................................7

*Cody v. Boscov's, Inc.*,
   2023 WL 2338302 (C.D. Cal. Mar. 2, 2023).......................... 8, 13, 14

*Garcia v. Build.com, Inc.*,
   2023 WL 4535531 (S.D. Cal. July 13, 2023) ................................. 6, 13

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ............................................. 13

*In re Michael T.*,
   84 Cal. App. 3d 907 (1978) ............................................................. 17

*In re Vizio, Inc. Consumer Priv. Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ........................................... 11

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ..................................................... 11, 12

*Licea v. Am. Eagle Outfitters, Inc.*,
   2023 WL 2469630 (C.D. Cal. Mar. 7, 2023)............................. *passim*

*Licea v. Cinmar, LLC*,
   2023 WL 2415592 (C.D. Cal. Mar. 7, 2023)........................ 7, 11, 13, 14

*Licea v. Vitacost.com, Inc.*,
   2023 WL 5086893 (S.D. Cal. July 24, 2023) ............................ *passim*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Martin v. Sephora USA, Inc.*,
   2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ........................................ 6, 13, 14

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) ........................................................ 8, 12

*Montantes v. Inventure Foods*,
   2014 WL 3305578 (C.D. Cal. July 2, 2014) ..................................................... 10

*Novelposter v. Javitch Canfield Group*,
   140 F. Supp. 3d 938 (N.D. Cal. 2014) ............................................................... 12

*People v. McCoy*,
   25 Cal. 4th 1111 (2001) ..................................................................................... 16

*People v. Mendoza*,
   18 Cal. 4th 1114 (1998) ..................................................................................... 16

*People v. Perez*,
   35 Cal. 4th 1219 (2005) ....................................................................................... 8

*Reyes v. Educ. Credit Mgmt. Corp.*,
   773 F. App'x 989 (9th Cir. 2019) ........................................................................ 9

*Rodgers v. Hedgpeth*,
   320 F. App'x 815 (9th Cir. 2009) ...................................................................... 16

*Rogers v. Ulrich*,
   52 Cal. App. 3d 894 (1975) ............................................................................... 12

*Rosenow v. Facebook, Inc.*,
   2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ................................................... 11

*Shayler v. 1310 PCH, LLC*,
   51 F.4th 1015 (9th Cir. 2022) .............................................................................. 2

*Smith v. LoanMe, Inc.*,
   11 Cal. 5th 183 (2021) ....................................................................................... 10

*So v. Bay Area Rapid Transit*,
   2013 WL 5663207 (N.D. Cal. Oct. 17, 2013) ................................................... 16

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ............................................................................... 7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Tavernetti v. Superior Ct.*,
  22 Cal. 3d 187 (1978) ................................................................. 7, 12

*United States v. Staves*,
  383 F.3d 977 (9th Cir. 2004) ...................................................... 9

*Valenzuela v. Keurig Green Mountain, Inc.*,
  2023 WL 3707181 (N.D. Cal. May 24, 2023) ...................... 6, 9, 15

*Valenzuela v. The Kroger Co.*,
  2023 WL 4418887 (C.D. Cal. June 23, 2023) ...................... 7, 14

*Warden v. Kahn*,
  99 Cal. App. 3d 805 (1979) ...................................................... 1, 7

*Williams v. What If Holdings, LLC*,
  2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ...................... 9, 13

**Statutes**

Cal. Penal Code
  § 631 ................................................................................. *passim*
  § 631(a) ............................................................................. *passim*
  § 632.7 .............................................................................. 1

**Rules**

Fed. R. Civ. P. 11 ................................................................. 3, 4, 5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION AND CONTEXT

Serial plaintiff Sonya Valenzuela and her counsel, Scott Ferrell, have filed dozens of copycat lawsuits under Penal Code §§ 631 and 632.7 (the "California Invasion of Privacy Act" or CIPA) in courts around California against website owners that use vendors to manage their webchat services.[1]  These lawsuits seek to shoehorn routine customer-service webchats into a wiretap statute that, for over 40 years, has been held to "apply ***only*** to eavesdropping by a third party and not to recording by a participant to a conversation." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 & n.3 (1979) (emphasis added).

In line with this holding, district courts around California have rejected Mr. Ferrell's complaints as (among other things) "incoherent," *Licea v. Vitacost.com, Inc.*, 2023 WL 5086893, at *2 (S.D. Cal. July 24, 2023), and "cookie-cutter pleadings," *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *13 (C.D. Cal. Feb. 14, 2023).  In the *Hot Topic* suit, Judge Jesus G. Bernal of this District admonished Mr. Ferrell at length for filing these "serial," "copy[] and past[e] . . . boilerplate," and wholly deficient complaints:

> [T]he Court acknowledges the central dynamic in this litigation, underscoring all of the deficiencies in the FAC: Plaintiff, and her counsel, Scott Ferrell, are serial litigants bringing numerous "cookie cutter" lawsuits under CIPA against various businesses that operate websites . . . .
>
> [W]hen the goal is to file as many lawsuits as possible in the least amount of time, it is far easier and cheaper to copy and paste a complaint over and over again, and to write the original template in such a way that hardly anything needs to be swapped out. . . . [This] raise[s] some fundamental questions, not least: Why is the entire

---

[1] A list of Mr. Ferrell's known similar actions is included as Appendix A.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

complaint written at such a high level of generality that
it could apply word-for-word to the dozens of other
businesses this law firm is suing?  And surely, whatever
one's views on the propriety of copying and pasting
from boilerplate pleadings, there is a point at which all
reasonable people should agree the practice has gone too
far. . . .

At the end of the day, *Twombly-Iqbal* pleading standards
might be distilled to a single proposition: if a litigant
pleads at such a high level of generality that it is
possible to copy and paste a complaint word-for-word
against a new defendant (at least after the unnumbered
"introduction" section, where Plaintiff's Counsel has
written the URL of the defendant of the day and referred
to it as "the Website" so that he need not make a single
other alteration to the rest of the complaint), then almost
by definition he is pleading without the factual
specificity necessary to state a claim for relief.

*Hot Topic*, 2023 WL 2026994, at *4–5.  Such "boilerplate allegations of varying

merit" are the "hallmark of abusive . . . litigation."  *Shayler v. 1310 PCH, LLC*,

51 F.4th 1015, 1018 (9th Cir. 2022).

* * *

Despite repeated rebukes, Mr. Ferrell and Ms. Valenzuela press on with more

baseless lawsuits, this time against a public charity, World Wildlife Fund, Inc.

(WWF).  That WWF has been forced to spend much-needed funds to defend itself

against this incoherent and unfounded lawsuit is unfortunate to say the least.

This lawsuit began as a blatant shakedown: Ms. Valenzuela filed her original

complaint in state court as an individual, but explicitly threatened to amend the

complaint to "add class allegations" if the charity did not "compensate Plaintiff."

(ECF No. 2, Ex. 1 (Compl.) ¶ 23.)  She also claimed that the amount in controversy

did not exceed "$75,000," presumably to deter WWF from removing the case to

federal court where Ms. Valenzuela's cases are routinely dispatched.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS SECOND AMENDED COMPLAINT

After WWF removed the case to this Court, Ms. Valenzuela made good on her threat.  She amended her complaint to add class action claims seeking up to *$50 million* in damages, plus attorneys' fees.  But Ms. Valenzuela was so quick to rehash one of her cookie-cutter pleadings that she filed a complaint with no factual basis whatsoever.  At considerable expense to WWF, the charity was forced to serve Mr. Ferrell with a Rule 11 motion because the core allegations in the amended complaint were objectively and demonstrably false.  After realizing their mistake, Mr. Ferrell and Ms. Valenzuela could have withdrawn their complaint and allowed WWF to continue its conservation work in peace.  Instead, Ms. Valenzuela filed yet another amended complaint—the complaint at issue—that whittles her lawsuit down to one incoherent CIPA theory, with which WWF must now contend.

As with Mr. Ferrell's countless other failed CIPA lawsuits, his tester (Ms. Valenzuela) claims to have visited WWF's website and sent a webchat to WWF that (they say) WWF's webchat vendor somehow "eavesdropped."  Based on these nonsensical (and conclusory) allegations, Ms. Valenzuela and Mr. Ferrell seek class relief of millions of dollars, as well as attorneys' fees.  But this third attempt to state a claim against WWF fails again.  The Court should dismiss the second amended complaint with prejudice, for at least three reasons:

***Outside CIPA's Scope.***  To state a claim against WWF for aiding and abetting its webchat vendor to violate CIPA, Ms. Valenzuela must first allege a predicate CIPA offense.  She fails to do so because (1) section 631(a)'s first clause applies only to telephone communications, rendering it inapplicable; (2) the second clause applies only if the vendor intercepted chats "in transit," which it could not have done, and Ms. Valenzuela impliedly consented to any recording; and (3) the third clause applies only if one of the first two clauses is violated.

***No Active Eavesdropper.***  CIPA does not apply to parties to the communication, meaning any third-party recorder must be acting for its own benefit as opposed to a mere instrumentality of one of the parties.  Ms. Valenzuela pleads

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

no facts suggesting WWF's vendor acted in any way other than as a tool to WWF, dooming her CIPA claim under the well-recognized party exception.

**No Knowledge or Intent.**  Ms. Valenzuela also fails to allege any facts establishing WWF's *mens rea* necessary for derivative liability.  With no facts showing WWF knew *and* intended for its vendor to violate CIPA, it cannot be held liable for the vendor's conduct.

These defects are incurable and Mr. Ferrell has already amended twice. WWF therefore respectfully requests the Court dismiss Ms. Valenzuela's claim with prejudice.

## II.    BACKGROUND

### A.    Procedural History.

Ms. Valenzuela first filed this action in state court, contending that WWF aided and abetted a third-party service provider named FullContact to violate CIPA. (Compl. ¶¶ 28–32.)  After WWF removed her action to this Court, Ms. Valenzuela amended her complaint to accuse WWF of aiding and abetting a different third-party service provider named SalesForce to violate CIPA.  (ECF No. 15 (FAC) ¶¶ 47–61.)  The parties fully briefed WWF's motion to dismiss this amended complaint, which the Court recently denied as moot because of Ms. Valenzuela's unopposed motion to amend.  (ECF No. 32.)

Ms. Valenzuela moved to amend to satisfy Federal Rule of Civil Procedure 11's safe harbor provision after WWF served her with a motion for sanctions premised on the blatantly false factual allegations in her amended complaint.  (ECF No. 25.)  Namely, Ms. Valenzuela accused WWF of "de-anonymizing" her even though someone purporting to be Sonya Valenzuela disclosed her name and e-mail to WWF to start a webchat just one day before this lawsuit was filed, and SalesForce is not integrated into WWF's chat feature whatsoever and never has been.  She filed the operative second amended complaint to remedy these false factual allegations.  (ECF No. 33 (SAC).)

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Factual Allegations.

Ms. Valenzuela's SAC now pleads a single claim against WWF for allegedly violating section 631 of CIPA. *See generally* SAC. But, despite now having had **three** chances to sufficiently plead her claims, Ms. Valenzuela's allegations are still incoherent, conclusory, and wholly deficient.

According to the SAC, visitors to WWF's website may use its webchat feature to communicate with WWF. (SAC ¶¶ 4–5.) Ms. Valenzuela claims that sometime "[i]n 2023" she used her phone to visit WWF's website and, through its webchat feature, "conducted a brief conversation with an agent of Defendant"— though she does not allege the contents or extent of this conversation. (*Id.* ¶ 4.) This third complaint accuses yet another third-party service provider—this time, Zendesk—of "covertly" embedding a code in the webchat feature, while at the same time it includes a screenshot of the chat feature clearly identifying Zendesk as the provider. (*Id.* ¶ 11 & Fig. 1.) Ms. Valenzuela contends that Zendesk's code allowed it to "intercept and eavesdrop" on the chats before WWF received them. (*Id.* ¶¶ 13, 20.)[2] She alleges this third-party conduct violated CIPA. (*Id.* ¶¶ 35–41.)

Ms. Valenzuela also alleges WWF's website allowed other, unnamed companies she confusingly calls "spyware" to deploy cookies on her web browser and collect her "communications" with the website, including her IP address and the URL. (*Id.* ¶¶ 23–25.) She does not in any way link these conclusory and incoherent assertions to her single claim. (*Id.* ¶¶ 35–41.)

She seeks statutory damages, injunctive relief, and attorneys' fees. (*Id.* ¶ 41 & Prayer.)

---

[2] She now also accuses Zendesk—as she did with SalesForce in her prior complaint—of somehow integrating its software with social media platforms to allow Meta "to profit from private chats." (SAC ¶ 16.) As with her prior complaint, she does not provide any link between Meta and WWF or Zendesk.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.      The Numerous Dismissals of Mr. Ferrell's Similar Claims.**

Ms. Valenzuela's complaint is not unique to WWF.  Mr. Ferrell has filed these same boilerplate CIPA claims against defendants in courts around the state, hoping with each to extract a settlement or find a favorable judge.  But in addition to Judge Bernal's comments noted in the introduction, myriad other district judges have dismissed these effectively identical, incoherent, and "speculative" CIPA claims premised on a vendor's embedded code.  *See Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 3707181, at *5 (N.D. Cal. May 24, 2023) (dismissing near-identical CIPA allegations; "How do these third parties interface with Defendant's chat platform other than via 'code'?").  Allegations that "Defendant [was] paying [webchat vendor], as a vendor . . . to obtain and store these communications . . . rather than in furtherance of [vendor's] own independent use of these communications" are insufficient.  *Vitacost.com, Inc.*, 2023 WL 5086893, at *4.  As are allegations that "Defendant employ[ed] a third-party software service as a tool to record its own data."  *Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *5 (S.D. Cal. July 13, 2023).  Courts have also held that "a third-party vendor that is deemed to merely facilitate customer chats as an extension of the company does not trigger derivative liability under § 631(a)."  *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *13 (E.D. Cal. Mar. 30, 2023), *adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023); *see also Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *8 (C.D. Cal. Mar. 7, 2023) (dismissing; "Defendant [was] entitled to the party exemption . . . as Plaintiff fail[ed] to plead that the alleged third-party acted independently").  Likewise, "software . . . which intercepts in real time and stores transcripts is more akin to a tape recorder . . . than a friend against the door."  *Licea v. Cinmar, LLC*, 2023 WL 2415592, at *8 (C.D. Cal. Mar. 7, 2023).

Ms. Valenzuela's CIPA theory has not changed from these failed complaints.  Given this strong legal framework and that she has already amended twice, the Court should dismiss the SAC with prejudice.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### III.    LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts require "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Courts may properly dismiss if the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Dismissal should be with prejudice where amendment would be futile. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### IV.    MS. VALENZUELA FAILS TO STATE A SECTION 631 CLAIM

Section 631(a) prohibits three types of conduct: Clause 1 prohibits wiretapping; Clause 2 prohibits eavesdropping; and Clause 3 prohibits using or sharing information obtained in violation of the first two clauses, or aiding and abetting another's violation of the first two clauses. *See Valenzuela v. The Kroger Co.*, 2023 WL 4418887, at *2 (C.D. Cal. June 23, 2023) (citing *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978)).

Ms. Valenzuela pleads only an aiding and abetting theory of liability against WWF premised on Zendesk's alleged CIPA violation. (SAC ¶ 36.) This is the only route to liability for WWF because, under the well-established "party exception," WWF cannot be liable for recording its own conversations. *E.g.*, *Warden*, 99 Cal. App. 3d at 811 (section 631 "appl[ies] only to eavesdropping by a third party and not to recording by a participant to a conversation"); *Cody v. Boscov's, Inc.*, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) (dismissing with prejudice claim brought against party to the communication). But her derivative liability theory still fails because her allegations (A) fall outside the statute's scope; (B) support only

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the inference that WWF uses Zendesk as a tool to record its own conversations; and

2  (C) do not show WWF had the necessary *mens rea* for aiding and abetting.

3      **A.**    **Ms. Valenzuela's Allegations Fall Outside CIPA's Scope.**

4      To plead a derivative liability theory, Ms. Valenzuela "must first adequately

5  plead [a third party's] underlying violation[] of the statute." *Boscov's*, 2023 WL

6  2338302, at *2. Without "proof of a predicate offense, . . . an aiding and abetting

7  theory cannot be sustained." *People v. Perez*, 35 Cal. 4th 1219, 1225 (2005). Ms.

8  Valenzuela's allegations cannot establish a predicate violation (against Zendesk)

9  because (1) Clause 1 applies only to telephone communications, rendering it

10  inapplicable; (2) Clause 2 applies only if Zendesk intercepted chats "in transit,"

11  which it could not have done, and Ms. Valenzuela impliedly consented to any

12  recording; and (3) Clause 3 applies only if one of the first two clauses are violated.

13      **1.**    **Clause 1—No Telephone.**

14      Section 631(a)'s first clause makes it illegal to "intentionally tap[], or make[]

15  any unauthorized connection, . . . with any *telegraph or telephone* wire, line, cable,

16  or instrument." Cal. Penal Code § 631(a) (emphasis added). The modifiers

17  "telegraph or telephone" expressly limit this clause "to communications over

18  telephones and not through the internet." *Am. Eagle*, 2023 WL 2469630, at *4, *6

19  (this clause "does not apply to communications with a smart phone or Wi-Fi-

20  enabled laptop"); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D.

21  Cal. 2021) ("overwhelming weight of authority" requires plausible allegation that

22  "defendant intentionally tapped or made an unauthorized connection with a

23  '*telegraph or telephone* wire'"). (By contrast, section 631(a)'s second clause does

24  not contain the "telegraph or telephone" limitation and, thus, does apply to internet

25  communications. *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, at

26  *2 (N.D. Cal. Dec. 22, 2022) (recognizing distinction).)

27      But Ms. Valenzuela makes no allegations concerning any tapping of a

28  telephone or telegraph wire. Indeed, she alleges only that she communicated with

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WWF via a webchat through the internet (SAC ¶ 4) and despite two chances to amend has alleged no facts suggesting Zendesk made any connection with a telephone wire.  Ms. Valenzuela thus "fails to state a claim under clause one because section 631(a)'s plain text does not prohibit the non-telephonic conduct described here." *Keurig*, 2023 WL 3707181, at *2.

### 2.    Clause 2—No Lack of Consent or Interception.

Section 631(a)'s second clause prohibits eavesdropping on communications only "without . . . consent . . . while the same is *in transit*."  Cal. Penal Code § 631(a).  Ms. Valenzuela cannot meet her burden to show (a) lack of consent or (b) interception in transit.

### a.    Ms. Valenzuela Consented to Any Recording.

Ms. Valenzuela's claim under section 631(a)'s second clause fails because she impliedly consented to any recording by typing out and sending the webchats in a recorded format, and because she intended to be recorded.  "[T]he plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent to record." *Reyes v. Educ. Credit Mgmt. Corp.*, 773 F. App'x 989, 990 n.1 (9th Cir. 2019).  "[C]onsent may be implied where there are surrounding circumstances indicating that the [plaintiff] knowingly agreed to the surveillance." *United States v. Staves*, 383 F.3d 977, 981 (9th Cir. 2004) (cleaned up).

Webchats, as written communications, lead to an inference of implied consent to recordation: "The circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient— recordation would be expected with a facsimile or text transmission, for example." *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 194 n.4 (2021).  Indeed, as the Southern District recognized in a similar case brought by Mr. Ferrell: "Each party to a chat communication necessarily records that party's own message in sending it to the other party.  The sender's consent to recording in this manner is self-evident."

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Vitacost.com*, 2023 WL 5086893, at *3 (dismissing); *see Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D. Cal. July 2, 2014) ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient.").

The "self-evident" consent to recordation that the *Vitacost.com* court found— and that other courts recognize is a natural consequence of written communications generally, *see Smith*, 11 Cal. 5th at 194 n.4—likewise applies to Ms. Valenzuela's webchats.

Moreover, Ms. Valenzuela *intended* to be recorded. She concedes she is a "tester" (Compl. ¶ 3), and indeed by the end of 2022 (Ms. Valenzuela alleges she communicated with WWF sometime "in 2023" (SAC ¶ 4)), Ms. Valenzuela had already filed over 20 separate complaints alleging over 20 separate companies recorded her webchats (see Appendix A, listing cases). This strongly suggests Ms. Valenzuela suspected WWF would record her webchats.

In sum, Ms. Valenzuela typed out and transmitted her messages in recorded form and with the intent that WWF retain a transcript; consent to such recordation is thus implied as a matter of law.

**b.      Messages Were Not Intercepted in Transit.**

Ms. Valenzuela's claim under section 631(a)'s second clause fails for an additional reason. "The second clause of section 631(a) requires that messages be intercepted while in transit." *Am. Eagle*, 2023 WL 2469630, at *8; *see* Cal. Penal Code § 631(a). This means a defendant must "stop, seize, or interrupt [a communication] in progress or course before arrival." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).[3] "[C]onclusory allegations" that a defendant or third party "intercepts" or "eavesdrops" without "specific facts as to

---

[3] "Because the federal Wiretap Act . . . also requires messages be intercepted while in transit, courts have looked at cases analyzing the Wiretap Act," like *Konop*, "as informative of section 631(a)." *Am. Eagle*, 2023 WL 2469630, at *8.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

how or when the interception takes place" therefore "fall short of stating a plausible
claim." *Cinmar*, 2023 WL 2415592, at *9–10.

Although she uses many words and figures to argue Zendesk intercepts
webchats "in transit," Ms. Valenzuela pleads only conclusory allegations regarding
interception: "before the chat even gets to Defendant, Zendesk is intercepting it,
copying it, and then forwarding it along to Defendant." (SAC ¶ 13.) These
conclusory statements mirror similar complaints filed by Mr. Ferrell that courts
found "do[] not allege specific facts as to how or when the interception takes place,
which has been found to fall short of stating a plausible claim." *Am. Eagle*, 2023
WL 2469630, at *9 (allegation that defendant used "third party vendor to 'secretly
intercept, eavesdrop upon, and store transcripts of Defendant's chat
communications'" failed to state claim); *see also Rosenow v. Facebook, Inc.*, 2020
WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) ("alleg[ations] that 'Yahoo knowingly
used an algorithm to intercept and scan Plaintiff's incoming chat messages for
content during transit and before placing them in electronic storage'" were
"conclusory"); *In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228
(C.D. Cal. 2017) (dismissing "conclusory allegation that Vizio intercepted
[plaintiffs'] electronic communications 'during transmission'").

In any event, Ms. Valenzuela's affirmative allegations contradict her
unfounded conclusions and instead establish Zendesk could *not* have "intercepted"
the webchats. She alleges WWF allowed Zendesk to "embed its chat technology
code into Defendant's chat feature." (SAC ¶ 10.) Zendesk therefore could not have
intercepted the chat messages because the moment the communication reached
WWF's website (where the code is allegedly located) it "arrived" at its intended
recipient (WWF). *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898 (1975)
(dismissing where "the recording . . . transcribes the message as it is being
received"); *Konop*, 302 F.3d at 877–78 (once electronic communication arrives at
the recipient, it becomes "stored" and cannot be "intercepted" "in transmission");

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Mastel*, 549 F. Supp. 3d at 1137 ("[T]he crucial question under § 631(a)'s second

2  clause is whether [plaintiff] has plausibly alleged that [defendant] read one of his

3  communications . . . before it reached its intended recipient."). Ms. Valenzuela's

4  theory stumbles over an inherent limitation to CIPA claims: Given the speed of

5  modern internet communications, "the Wiretap Act's [or CIPA's] application

6  to . . . electronic communication is undoubtedly limited." *Novelposter v. Javitch*

7  *Canfield Group*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014) (dismissing § 631(a)

8  claims related to email communications).

9      Ms. Valenzuela thus does not and cannot state a claim under the second

10  clause of section 631(a).

11          **3.    Clause 3—No Predicate Violation.**

12      Section 631(a)'s third clause prohibits "us[ing] or communicat[ing]

13  information obtained as a result of engaging in either of the two previous" clauses.

14  *Tavernetti*, 22 Cal. 3d at 192. Ms. Valenzuela's failure to allege a violation of

15  section 631(a)'s first or second clause thus forecloses her claim under the third.

16  *Mastel*, 549 F. Supp. 3d at 1137.

17      In short, because Ms. Valenzuela does not and cannot allege that Zendesk

18  violated section 631, her aiding and abetting theory against WWF fails. *See*

19  *Vitacost.com*, 2023 WL 5086893, at *3 (dismissing aiding and abetting claim where

20  plaintiff failed to plead webchat vendor violated CIPA; collecting cases).

21          **B.    Ms. Valenzuela Fails to Allege an Active Eavesdropper.**

22      Even if Ms. Valenzuela's allegations fell within CIPA's scope (they do not),

23  her attempt to plead the necessary predicate CIPA violation fails under the party-

24  exception doctrine. To establish a section 631(a) violation, Ms. Valenzuela must

25  plead facts suggesting a third party is "recording Defendant's customers'

26  information for some use or potential future use *beyond simply supplying this*

27  *information back to Defendant*." *Boscov's*, 2023 WL 2338302, at *2 (emphasis

28  added). "[T]he question boils down to whether [the vendor] was an independent

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

third party hired to eavesdrop on [the website owner's] communications, or whether [the vendor's] software was merely a tool that [the website owner] used to record its own communications with plaintiff." *Williams*, 2022 WL 17869275, at *3.

The Southern District recently dismissed similar aiding and abetting claims brought by Mr. Ferrell, where the plaintiff alleged that "Defendant is paying . . . a vendor . . . for the service that [the vendor] provides to obtain and store these communications." *Vitacost.com*, 2023 WL 5086893, at *4.  The court ruled "a website owner that engages a vendor to record website-based communications for the website owner's own purposes is not thereby aiding and abetting eavesdropping by a third party in violation of Section 631(a)." *Id.* (collecting cases).  Other courts agree with this reasoning.  *See Build.com*, 2023 WL 4535531, at *5 (dismissing webchat aiding and abetting claims; plaintiff alleged "Defendant employ[ed] a third-party software service as a tool to record its own data"); *Sephora*, 2023 WL 2717636, at *13 (same; "a third-party vendor that is deemed to merely facilitate customer chats as an extension of the company does not trigger derivative liability under § 631(a)"); *Cinmar*, 2023 WL 2415592, at *8 (same; "software . . . which intercepts in real time and stores transcripts is more akin to a tape recorder . . . than a friend against the door"); *Am. Eagle*, 2023 WL 2469630, at *8 (same; "Defendant [was] entitled to the party exemption . . . as Plaintiff fail[ed] to plead that the alleged third-party acted independently from Defendant"); *Graham v. Noom, Inc*., 533 F. Supp. 3d 823, 832–33 (N.D. Cal. 2021) (dismissing Session Replay aiding and abetting claims; service provider who "captures" and "hosts" client data for defendant's own use acts as an extension of defendant).

The SAC here gives rise to only one plausible inference: Zendesk's code was merely a tool for WWF to record and analyze its own conversations.  The basis of Ms. Valenzuela's theory is that WWF implemented Zendesk software to into its webchat and that "Zendesk's software creates a transcript of each chat session." (SAC ¶ 10.)  Put another way, she alleges WWF "(not the third-parties . . .) records

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and stores the conversation using licensed technology created by" Zendesk. *Kroger*, 2023 WL 4418887, at \*3 (dismissing).

Ms. Valenzuela's vague and conclusory allegations regarding alleged "profit" from "bombarding" her and other website users with "targeted marketing" fail to save her claim. (SAC ¶¶ 16–19 & Intro.) Courts routinely find such allegations insufficient. *E.g.*, *Cinmar*, 2023 WL 2415592, at \*9 (allegations third party "harvest[ed webchat] data for financial gain" insufficient); *Am. Eagle*, 2023 WL 2469630, at \*6–8 (same); *Sephora*, 2023 WL 2717636, at \*13 (same); *Boscov's*, 2023 WL 2338302, at \* 2 (allegations third parties used code "embedded in the chat program to 'harvest valuable data'" insufficient).

Instead, a plaintiff must allege "specific fact[s]" detailing the third party's improper use of the data. *Hot Topic*, 2023 WL 2026994, at \*10. Ms. Valenzuela's copy-paste effort to do so lacks merit. She misleadingly labels Zendesk a "spyware company" and spins a conspiracy theory regarding Meta, a distinct entity not alleged to have any relationship with Zendesk. (SAC ¶¶ 16–19 & Intro.) Ms. Valenzuela cites a Bloomberg Law post that states Meta acquired a third party unrelated to this case—Kustomer—"to profit from private chats." (*Id.* at ¶ 19; *see* Request for Judicial Notice (RJN), Ex. A (Bloomberg Law post).) This article is wholly irrelevant. Ms. Valenzuela does not allege WWF does business with or is in any way related to Kustomer. Nor does she provide any reason to infer Zendesk and Kustomer collaborate. In fact, Zendesk apparently competes with Kustomer— both provide webchat services.

In any event, to the extent Ms. Valenzuela believes the Bloomberg Law post supports her unsubstantiated theory that Zendesk profits by sharing WWF's customer-service webchats with Facebook, she errs. The article does not even suggest *Kustomer* (let alone Zendesk) shares webchat data with Meta. It discusses only Meta's own chat applications: WhatsApp and Facebook Messenger. (RJN, Ex. A at 1.) Glaringly absent from the post and the SAC are any facts that Meta (or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Zendesk) has used WWF data (or any data) to generate their own "targeted advertising" with which to "bombard" Ms. Valenzuela or any other person. This conspiracy theory does not give rise to a plausible inference that Zendesk uses WWF's webchats for its own benefit.

The Northern District recently dismissed a section 631(a) claim based on Ms. Valenzuela's indistinguishable conclusory allegations: "[Ms. Valenzuela] alleges only that Meta is integrated with a *different* chat provider—Kustomer. That is insufficient because [Ms. Valenzuela] does not allege [WWF] uses Kustomer on its website." *Keurig*, 2023 WL 3707181, at *4.

In sum, Ms. Valenzuela's own allegations demonstrate Zendesk operated as an extension of WWF, and thus Zendesk's conduct, like WWF's, cannot serve as grounds for a section 631(a) claim.[4]

**C.    Ms. Valenzuela Fails to Allege Derivative Liability.**

Ms. Valenzuela's section 631(a) claim fails for a third independent reason, namely, her inability to plead WWF's *mens rea* necessary for a derivative liability theory. "Aiding and abetting requires . . . 'the defendant acted with [1] knowledge of the criminal purpose of the perpetrator and with [2] an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.'" *Rodgers v. Hedgpeth*, 320 F. App'x 815, 817 (9th Cir. 2009) (quoting *People v. McCoy*, 25 Cal. 4th 1111, 1118 (2001)); *see also People v. Mendoza*, 18 Cal. 4th 1114, 1129 (1998) ("aider and abettor must intend not only the act of encouraging and facilitating but also the *additional* criminal act the perpetrator commits"). Ms. Valenzuela alleges no facts supporting a reasonable inference that WWF both

---

[4] The Court should disregard Ms. Valenzuela's confusing and conclusory allegations regarding unnamed "spyware companies." (SAC ¶¶ 22–28.) Despite this being her third attempt to plead a case, Ms. Valenzuela cannot identify a single "spyware company" by name, cannot explain how, if at all, these companies interact with the Zendesk code or WWF's webchat, and cannot connect these vague allegations to her only cause of action—secretly recording communications in violation of CIPA section 631.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(1) knew Zendesk intended to violate CIPA *and* (2) intended to encourage or
facilitate such violation.

### 1.    No Knowledge of Zendesk Wrongdoing.

Ms. Valenzuela does not allege any facts supporting the inference that WWF
knew Zendesk intended to violate CIPA.  First, her allegations that WWF "allowed"
Zendesk to embed a code that transcribes webchats (*e.g.*, SAC ¶ 10) are insufficient
because the relevant inquiry is whether WWF knew Zendesk would *misuse* the
webchat transcripts in violation of CIPA, *Rodgers*, 320 F. App'x at 817.  Likewise,
no culpable knowledge could be inferred from WWF's mere alleged use of
Zendesk's code and such code's alleged connection to Meta for the reasons
discussed in section IV.B., *supra*.  To the extend Ms. Valenzulela suggests WWF
had a reason to *suspect* a CIPA violation, mere allegations of suspicion
ofwrongdoing does not impose derivative liability.  *See McCoy*, 25 Cal. 4th at 1118
(requiring "knowledge of the criminal intent"); *So v. Bay Area Rapid Transit*, 2013
WL 5663207, at *12 (N.D. Cal. Oct. 17, 2013) (dismissing where "the allegations
as pleaded permit[ted] the court to infer, at the most, that Defendants might have
had a vague suspicion of wrongdoing").

In short, Ms. Valenzuela offers no factual allegations to plausibly suggest
WWF knew Zendesk would use WWF webchat data for its own benefit.  Her
conclusory allegations to this end do not suffice.  (*E.g.*, SAC ¶ 19.)

### 2.    No Intent to Aid Wrongdoing.

Even if Ms. Valenzuela sufficiently alleged knowledge (which she does not),
"mere knowledge" is insufficient for derivative liability—she must allege facts
supporting the inference that WWF *intended* a CIPA violation.  *In re Michael T.*, 84
Cal. App. 3d 907, 911 (1978).  Ms. Valenzuela offers no such facts.  Her conclusory
allegations are insufficient, and her allegation that WWF "intentionally caused the
internet communication . . . with Defendant's Website to be recorded" is irrelevant
(SAC ¶ 39) because WWF is permitted to hire a vendor to record its webchats as

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

discussed in section IV.B., *supra*.  The question is whether WWF installed the Zendesk code with the purpose of facilitating Zendesk's alleged CIPA violation, which Ms. Valenzuela has not plausibly alleged.

Ms. Valenzuela therefore fails to state a section 631 aiding and abetting claim against WWF because she does not allege WWF knew of let alone intended Zendesk's alleged CIPA violation.

## V.     CONCLUSION

WWF respectfully asks the Court to dismiss Ms. Valenzuela's remaining claim with prejudice.

DATED: December 12, 2023

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
CALEAH N. WHITTEN
SANCHO ACCORSI


By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant World Wildlife Fund, Inc.*

The undersigned, counsel of record for World Wildlife Fund, Inc., certifies that this brief contains 5,324 words, which complies with the word limit set by court order dated August 8, 2023.

17

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# APPENDIX A

## Known CIPA Webchat Cases Brought by Scott Ferrell

|    | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|----|------|----------|-------|-------|-------|-------------|
| 1 | *Byars v. Casper Sleep Inc.* | 5:22-cv-01801 | C.D. Cal. | Jesus G. Bernal | 7/22/2022 | Pacific Trial Attorneys |
| 2 | *Byars v. Hot Topic Inc.* | 5:22-cv-01652 | C.D. Cal. | Jesus G. Bernal | 9/20/2022 | Pacific Trial Attorneys |
| 3 | *Byars v. Macy's Inc.* | 5:23-cv-00456 | C.D. Cal. | Sunshine Suzanne Sykes | 8/5/2022 | Pacific Trial Attorneys |
| 4 | *Byars v. Rite Aid Corp.* | 5:22-cv-01377 | C.D. Cal. | Sunshine Suzanne Sykes | 8/4/2022 | Pacific Trial Attorneys |
| 5 | *Byars v. Sterling Jewelers Inc.* | 5:22-cv-01456 | C.D. Cal. | Stanley Blumenfeld | 8/18/2022 | Pacific Trial Attorneys |
| 6 | *Byars v. Goodyear Tire & Rubber Co.* | 5:22-cv-01358 | C.D. Cal. | Sunshine Suzanne Sykes | 8/1/2022 | Pacific Trial Attorneys |
| 7 | *Byars v. Whirlpool Corp.* | 5:22-cv-02030 | C.D. Cal. | Josephine L. Staton | 7/25/2022 | Pacific Trial Attorneys |
| 8 | *Cody v. Ashley Furniture Industries* | 3:23-cv-00065 | S.D. Cal. | Anthony J. Battaglia | 12/1/2022 | Pacific Trial Attorneys |
| 9 | *Cody v. Athletic Propulsion Labs LLC* | 8:22-cv-01627 | C.D. Cal. | John W. Holcomb | 9/1/2022 | Pacific Trial Attorneys |
| 10 | *Cody v. Boscovs Inc.* | 8:22-cv-01434 | C.D. Cal. | Sunshine Suzanne Sykes | 8/2/2022 | Pacific Trial Attorneys |
| 11 | *Cody v. Columbia Sportswear Co.* | 8:22-cv-01654 | C.D. Cal. | David O. Carter | 8/2/2022 | Pacific Trial Attorneys |
| 12 | *Cody v. E. Gluck Corp.* | 4:23-cv-02286 | N.D. Cal | Haywood S. Gilliam, Jr. | 5/10/2023 | Pacific Trial Attorneys |
| 13 | *Cody v. Lacoste USA, Inc.* | 8:23-cv-00235 | C.D. Cal. | Sunshine Suzanne Sykes | 2/7/2023 | Pacific Trial Attorneys |
| 14 | *Cody v. Movado Group, Inc.* | 3:23-cv-00015 | S.D. Cal. | Marilyn L. Huff | 11/30/2022 | Pacific Trial Attorneys |
| 15 | *Cody v. P.C. Richard & Son Srv. Co., Inc.* | 2:23-cv-03438 | C.D. Cal. | Sunshine Suzanne Sykes | 4/15/2023 | Pacific Trial Attorneys |
| 16 | *Cody v. Paula's Choice, LLC* | 8:23-cv-00182 | C.D. Cal. | John W. Holcomb | 12/21/2022 | Pacific Trial Attorneys |
| 17 | *Cody v. Promises Behavioral Health LLC* | 8:22-cv-01529 | C.D. Cal. | Fred W. Slaughter | 8/16/2022 | Pacific Trial Attorneys |
| 18 | *Cody v. Skullcandy Inc.* | 2:23-cv-03356 | C.D. Cal. | Sunshine Suzanne Sykes | 3/29/2023 | Pacific Trial Attorneys |

18

MOTION TO DISMISS SECOND AMENDED COMPLAINT

| | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 19 | *Cody v. Tiffany & Co.* | 8:22-cv-01648 | C.D. Cal. | David O. Carter | 7/28/2022 | Pacific Trial Attorneys |
| 20 | *Cody v. Warby Parker Inc.* | 8:22-cv-01653 | C.D. Cal. | Fred Slaughter | 8/2/2022 | Pacific Trial Attorneys |
| 21 | *Esparza v. 23andme, Inc.* | 37-2022-00051047-CU-MT-CTL | S.D. Sup. Ct. | Kenneth J. Medel | 12/21/2022 | Pacific Trial Attorneys |
| 22 | *Esparza v. Concentrix Corp.* | 3:22-cv-01994 | S.D. Cal. | Dana M. Sabraw | 10/21/2022 | Pacific Trial Attorneys |
| 23 | *Esparza v. Crocs Inc.* | 3:22-cv-01842 | S.D. Cal. | Jinsook Ohta; | 10/21/2022 | Pacific Trial Attorneys |
| 24 | *Esparza v. Dickeys BBQ Pit Inc.* | 3:22-cv-01502 | S.D. Cal. | Dana M. Sabraw | 10/5/2022 | Pacific Trial Attorneys |
| 25 | *Esparza v. Ecco USA Inc.* | 37-2023-00009235-CU-CR-CTL | S.D. Sup. Ct. | Joel R. Wohlfeil | 3/6/2023 | Pacific Trial Attorneys |
| 26 | *Esparza v. Expedia Inc.* | 37-2023-00003062-CU-CR-CTL | S.D. Sup. Ct. | Joel R. Wohlfeil | 1/24/2023 | Pacific Trial Attorneys |
| 27 | *Esparza v. Fanduel Inc.* | 3:22-cv-01853 | S.D. Cal. | Roger T. Benitez | 10/21/2022 | Pacific Trial Attorneys |
| 28 | *Esparza v. Kohl's Inc.* | 37-2022-00051963-CU-CR-CTL | S.D. Sup. Ct. | Ronald F. Frazier | 12/29/2022 | Pacific Trial Attorneys |
| 29 | *Esparza v. Lego Systems, Inc.* | 2:23-cv-01278 | C.D. Cal. | Stephen V. Wilson | 1/17/2023 | Pacific Trial Attorneys |
| 30 | *Esparza v. Lenox Corp.* | 3:22-cv-09004 | N.D. Cal | William Alsup | 12/20/2022 | Pacific Trial Attorneys |
| 31 | *Esparza v. Minted, LLC* | 3:22-cv-01560 | S.D. Cal. | Todd W. Robinson | 10/11/2022 | Pacific Trial Attorneys |
| 32 | *Esparza v. Sally Beauty Supply LLC* | 30-2022-01294734-CU-MT-CXC | O.C. Sup. Ct. | Randall J. Sherman | 12/1/2022 | Pacific Trial Attorneys |
| 33 | *Esparza v. Simplehuman LLC* | 37-2023-00009247-CU-CR-CTL | S.D. Sup. Ct. | Keri Katz | 3/6/2023 | Pacific Trial Attorneys |
| 34 | *Esparza v. Tracfone Wireless, Inc.* | 2:23-cv-4863 | C.D. Cal. | Sunshine Suzanne Sykes | 6/20/2023 | Pacific Trial Attorneys |
| 35 | *Esparza v. UAG Escondido A1 Inc.* | 3:23-cv-00102 | S.D. Cal. | Dana M. Sabraw | 11/30/2022 | Pacific Trial Attorneys |
| 36 | *Esparza v. Urban Outfitters, Inc.* | 23STCV08874 | L.A. Sup. Ct. | Holly J. Fujie | 4/20/2023 | Pacific Trial Attorneys |
| 37 | *Esparza v. Wellness Coaches USA LLC* | 37-2023-00003078-CU-CR-CTL | S.D. Sup. Ct. | Katherine Bacal | 1/24/2023 | Pacific Trial Attorneys |

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 38 | *Garcia v. BPS Direct, LLC* | 23STCV01281 | L.A. Sup. Ct. | Armen Tamzarian | 1/20/2023 | Pacific Trial Attorneys |
| 39 | *Garcia v. Build.com Inc.* | 3:22-cv-01985 | S.D. Cal. | Dana M. Sabraw | 11/17/2022 | Pacific Trial Attorneys |
| 40 | *Garcia v. Doximity Inc.* | 23STCV09965 | L.A. Sup. Ct. | Anne Richardson | 5/3/2023 | Pacific Trial Attorneys |
| 41 | *Garcia v. Ifit Inc.* | 23STCV01286 | L.A. Sup. Ct. | Wendy Chang | 1/20/2023 | Pacific Trial Attorneys |
| 42 | *Garcia v. L. L. Bean Inc.* | 37-2022-00046730-CU-MT-CTL | S.D. Sup. Ct. | Katherine Bacal | 11/17/2022 | Pacific Trial Attorneys |
| 43 | *Garcia v. No Border Dental Resources, Inc.* | 22STCV40517 | L.A. Sup. Ct. | Maureen Duffy-Lewis | 12/28/2023 | Pacific Trial Attorneys |
| 44 | *Garcia v. Peter Millar LLC* | 23STCV01278 | L.A. Sup. Ct. | Douglas W. Stern | 1/20/2023 | Pacific Trial Attorneys |
| 45 | *Garcia v. Samsung Elec. Am. Inc.* | 37-2023-5775-CU-CR-CTL | S.D. Sup. Ct. | Wohlfeil | 2/10/2023 | Pacific Trial Attorneys |
| 46 | *Garcia v. Sportsman's Guide* | 3:22-cv-09005 | N.D. Cal. | James Donato | 12/20/2022 | Pacific Trial Attorneys |
| 47 | *Garcia v. Untuckit LLC* | 30-2023-01335784-CU-MT-CXC | O.C. Sup. Ct. | Peter Wilson | 7/7/2023 | Pacific Trial Attorneys |
| 48 | *Garcia v. Yeti Coolers, Inc.* | 2:23-cv-02643 | C.D. Cal. | R. Gary Klausner | 3/2/2023 | Pacific Trial Attorneys |
| 49 | *Jose Licea v. Bath & Body Works Direct Inc.* | 3:22-cv-01528 | S.D. Cal. | Cynthia Bashant | 10/6/2022 | Pacific Trial Attorneys |
| 50 | *Jose Licea v. BJ Acquisition LLC* | 3:22-cv-01579 | S.D. Cal. | Todd W. Robinson | 10/12/2022 | Pacific Trial Attorneys |
| 51 | *Jose Licea v. Chewy Inc.* | 3:22-cv-01852 | S.D. Cal. | Anthony J. Battaglia | 10/24/2022 | Pacific Trial Attorneys |
| 52 | *Jose Licea v. Cinmar, LLC* | 2:22-cv-06454 | C.D. Cal. | Michael W. Fitzgerald | 9/9/2022 | Pacific Trial Attorneys |
| 53 | *Jose Licea v. Doximity, Inc.* | 37-2023-00003125-CU-CR-CTL | S.D. Sup. Ct. | Timothy Taylor | 1/24/2023 | Pacific Trial Attorneys |
| 54 | *Jose Licea v. Everly Well, Inc.* | 37-2023-00003035-CU-CR-CTL | S.D. Sup. Ct. | Ronald F. Frazier | 1/24/2023 | Pacific Trial Attorneys |
| 55 | *Jose Licea v. Genesco Inc.* | 3:22-cv-01567 | S.D. Cal. | Jinsook Ohta | 10/12/2022 | Pacific Trial Attorneys |
| 56 | *Jose Licea v. Igloo Products Corp.* | 37-2022-00042507-CU-MT-CTL | S.D. Sup. Ct. | Carolyn Caietti | 10/21/2022 | Pacific Trial Attorneys |

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 57 | *Jose Licea v. Kontoor Brands, Inc.* | 2:23-cv-05903 | C.D. Cal. | Sunshine Sykes | 7/20/2023 | Pacific Trial Attorneys |
| 58 | *Jose Licea v. Logitech Inc.* | 3:22-cv-01490 | S.D. Cal. | Linda Lopez | 1/10/2023 | Pacific Trial Attorneys |
| 59 | *Jose Licea v. Mattress Firm, Inc.* | 3:22-cv-09002 | N.D. Cal | Trina L. Thompson | 1/25/2023 | Pacific Trial Attorneys |
| 60 | *Jose Licea v. Overstock.com* | 3:22-cv-01594 | S.D. Cal. | Janis L. Sammartino | 10/16/2022 | Pacific Trial Attorneys |
| 61 | *Jose Licea v. Payless Shoesource Worldwide LLC* | 3:22-cv-01586 | S.D. Cal. | Cynthia Bashant | 10/14/2022 | Pacific Trial Attorneys |
| 62 | *Jose Licea v. Sunroad Auto Holding Corp.* | 37-2022-00046821-CU-CR-CTL | S.D. Sup. Ct. | Keri Katz | 11/18/2022 | Pacific Trial Attorneys |
| 63 | *Jose Licea v. Talkspace, Inc.* | 37-2023-00003186-CU-CR-CTL | S.D. Sup. Ct. | Joel R. Wohlfeil | 1/24/2023 | Pacific Trial Attorneys |
| 64 | *Jose Licea v. The Men's Warehouse, LLC* | 23STCV02964 | L.A. Sup. Ct. | Maurice A. Leiter | 2/9/2023 | Pacific Trial Attorneys |
| 65 | *Jose Licea v. Tommy Hilfiger U.S.A. Inc.* | 3:22-cv-01851 | S.D. Cal. | Dana M. Sabraw | 10/24/2022 | Pacific Trial Attorneys |
| 66 | *Jose Licea v. Tuft and Needle, LLC* | 23STCV28947 | L.A. Sup. Ct. | Lawrence P. Riff | 11/22/2023 | Pacific Trial Attorneys |
| 67 | *Jose Licea v. UNIQLO USA LLC* | 3:22-cv-01489 | S.D. Cal. | Robert S. Huie | 10/3/2022 | Pacific Trial Attorneys |
| 68 | *Jose Licea v. Vitacost.com Inc.* | 3:22-cv-01854 | S.D. Cal. | Robert S. Huie | 10/21/2022 | Pacific Trial Attorneys |
| 69 | *Jose Licea v. Wolverine World Wide Inc.* | 3:22-cv-01564 | S.D. Cal. | Cynthia Bashant | 10/12/2022 | Pacific Trial Attorneys |
| 70 | *Miguel Licea v. Brooklyn Bedding, LLC* | 23STCV04925 | L.A. Sup. Ct. | Daniel M. Crowley | 3/6/2023 | Pacific Trial Attorneys |
| 71 | *Martin v. Foot Locker Retail Inc.* | 3:23-cv-00319 | N.D. Cal. | Alex G. Tse | 1/23/2023 | Pacific Trial Attorneys |
| 72 | *Martin v. Lovisa America LLC* | 1:22-cv-01356 | E.D. Cal. | Ana de Alba | 10/23/2022 | Pacific Trial Attorneys |
| 73 | *Martin v. Outdoor Network LLC* | 2:23-cv-09807 | C.D. Cal. | Andre Birotte Jr. | 8/15/2023 | Pacific Trial Attorneys |
| 74 | *Martin v. Sephora USA Inc.* | 1:22-cv-01355 | E.D. Cal. | Jennifer L. Thurston | 10/24/2022 | Pacific Trial Attorneys |

21

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|  | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 75 | Miguel Licea v. Adidas Am., Inc. | 5:22-cv-02077 | C.D. Cal. | Fred W. Slaughter | 7/28/2022 | Pacific Trial Attorneys |
| 76 | Miguel Licea v. Am. Eagle Outfitters Inc. | 5:22-cv-01702 | C.D. Cal. | Michael W. Fitzgerald | 9/28/2022 | Pacific Trial Attorneys |
| 77 | Miguel Licea v. Autozone Inc. | CIVSB2216467 | San Bernadino Sup. Ct. | David Cohn | 7/28/2022 | Pacific Trial Attorneys |
| 78 | Miguel Licea v. Books-A-Million Inc. | 37-2023-00013708-CU-CR-CTL | S.D. Sup. Ct. | Richard S. Whitney | 4/3/2023 | Pacific Trial Attorneys |
| 79 | Miguel Licea v. Caraway Home Inc. | 5:22-cv-01791 | C.D. Cal. | Jesus G. Bernal | 10/12/2022 | Pacific Trial Attorneys |
| 80 | Miguel Licea v. Castlery Inc. | 22BBCV01297 | L.A. Sup. Ct. | John J. Kralik | 12/27/2022 | Pacific Trial Attorneys |
| 81 | Miguel Licea v. Fossil Group, Inc. | 23STCV00942 | L.A. Sup. Ct. | Theresa M. Traber | 1/17/2023 | Pacific Trial Attorneys |
| 82 | Miguel Licea v. Gamestop Inc. | 5:22-cv-01562 | C.D. Cal. | Jesus G. Bernal | 9/6/2022 | Pacific Trial Attorneys |
| 83 | Miguel Licea v. Glassparency Prod., Inc. | 22STCV40411 | L.A. Sup. Ct. | William A. Crowfoot | 12/27/2022 | Pacific Trial Attorneys |
| 84 | Miguel Licea v. Luxottica of Am. Inc. | 5:22-cv-01826 | C.D. Cal. | Jesus G. Bernal | 10/16/2022 | Pacific Trial Attorneys |
| 85 | Miguel Licea v. Old Navy LLC | 5:22-cv-01413 | C.D. Cal. | Sunshine Suzanne Sykes | 8/10/2022 | Pacific Trial Attorneys |
| 86 | Miguel Licea v. Puma N. Am., Inc. | 5:22-cv-01939 | C.D. Cal. | Sunshine Suzanne Syke | 7/28/2022 | Pacific Trial Attorneys |
| 87 | Miguel Licea v. Purple Innovation, LLC | 23STCV29324 | L.A. Sup. Ct. | Carolyn B. Kuhl | 11/30/2023 | Pacific Trial Attorneys |
| 88 | Miguel Licea v. Talbots, Inc. | CIVSB2216443 | San Bernadino Sup. Ct. | David Cohn | 7/28/2022 | Pacific Trial Attorneys |
| 89 | Miguel Licea v. Timex.com, Inc. | 5:23-cv-00691 | C.D. Cal. | Sunshine Suzanne Sykes | 10/21/2022 | Pacific Trial Attorneys |
| 90 | Miguel Licea v. X-Chair LLC. | 22STCV40421 | L.A. Sup. Ct. | Lia Martin | 12/27/2022 | Pacific Trial Attorneys |
| 91 | Rodriguez v. Ford Motor Co. | 3:23CV00598 | S.D. Cal. | Keri Katz | 3/2/2023 | Pacific Trial Attorneys |
| 92 | Rodriguez v. General Mills, Inc. | 3:23-cv-00828 | S.D. Cal. | Larry Alan Burns | 5/5/2023 | Pacific Trial Attorneys |
| 93 | Valenzuela v. AFLAC Inc. | 2:22-cv-06348 | C.D. Cal. | Sherilyn Peace Garnett | 7/22/2022 | Pacific Trial Attorneys |

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 94 | *Valenzuela v. AIG Direct Ins. Servs.* | 5:22-cv-01561 | C.D. Cal. | Sunshine Suzanne Sykes | 9/6/2022 | Pacific Trial Attorneys |
| 95 | *Valenzuela v. Amica Mut. Ins. Co.* | 23STCV04849 | L.A. Sup. Ct. | Fail Killefer | 3/6/2023 | Pacific Trial Attorneys |
| 96 | *Valenzuela v. Beauty Industry Grp. Opco, LLC* | 23STCV28408 | L.A. Sup. Ct. | David S. Cunningham III | 11/17/2023 | Pacific Trial Attorneys |
| 97 | *Valenzuela v. BJ's Wholesale Club, Inc.* | 2:22-cv-06378 | C.D. Cal. | Dolly M. Gee | 8/3/2022 | Pacific Trial Attorneys |
| 98 | *Valenzuela v. Bootbarn Inc.* | 22STCV40497 | L.A. Sup. Ct. | Steven J. Kleifield | 12/28/2022 | Pacific Trial Attorneys |
| 99 | *Valenzuela v. Build-A-Bear Workshop, Inc.* | 2:23-cv-5162 | C.D. Cal. | Sunshine Suzanne Sykes | 6/29/2023 | Pacific Trial Attorneys |
| 100 | *Valenzuela v. Carvana LLC* | CVRI2204530 | Riv. Sup. Ct. | Harold W. Hopp | 10/19/2022 | Pacific Trial Attorneys |
| 101 | *Valenzuela v. CNO Services LLC* | 5:22-cv-2084 | C.D. Cal. | James V. Selna | 10/19/2022 | Pacific Trial Attorneys |
| 102 | *Valenzuela v. Dermacare LLC* | 37-2022-00047405-CU-MT-CTL | S.D. Sup. Ct. | Katherine Bacal | 11/23/2022 | Pacific Trial Attorneys |
| 103 | *Valenzuela v. Engage3, Inc.* | 30-2022-01297903-CU-MT-CXC | O.C. Sup. Ct. | Randall J. Sherman | 12/20/2022 | Pacific Trial Attorneys |
| 104 | *Valenzuela v. Farfetch. com US LLC* | 23STCV00831 | L.A. Sup. Ct. | Maureen Duffy-Lewis | 1/17/2023 | Pacific Trial Attorneys |
| 105 | *Valenzuela v. Givenchy Corp.* | 23STCV01298 | L.A. Sup. Ct. | Anne Richardson | 1/20/2023 | Pacific Trial Attorneys |
| 106 | *Valenzuela v. Hims & Hers Health Inc* | 3:23-cv-00011 | S.D. Cal | M. James Lorenz | 11/23/2022 | Pacific Trial Attorneys |
| 107 | *Valenzuela v. Kaspersky Lab, Inc.* | 2:22-cv-09157 | C.D. Cal. | Otis D. Wright | 8/12/2022 | Pacific Trial Attorneys |
| 108 | *Valenzuela v. Keurig Green Mtn., Inc.* | 3:22-cv-09042 | N.D. Cal. | Jacqueline Scott Corley | 12/21/2022 | Pacific Trial Attorneys |
| 109 | *Valenzuela v. MAC Cosmetics Inc.* | 5:22-cv-01360 | C.D. Cal. | Sunshine Suzanne Sykes | 8/5/2022 | Pacific Trial Attorneys |
| 110 | *Valenzuela v. Massage Envy Franchising LLC* | 2:22-cv-05817 | C.D. Cal. | Dale S. Fischer | 7/20/2022 | Pacific Trial Attorneys |

MOTION TO DISMISS SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | Case | Case No. | Court | Judge | Filed | Plt Counsel |
|---|---|---|---|---|---|---|
| 111 | *Valenzuela v. Michael Kors (USA) Inc.* | 2:22-cv-05902 | C.D. Cal. | Sherilyn Peace Garnett | 7/22/2022 | Pacific Trial Attorneys |
| 112 | *Valenzuela v. Nationwide Mut. Ins. Co.* | 2:22-cv-06177 | C.D. Cal. | Maame Ewusi-Mensah Frimpong | 7/26/2022 | Pacific Trial Attorneys |
| 113 | *Valenzuela v. Papa Murphy's Int'l, LLC* | 5:22-cv-01789 | C.D. Cal. | Sunshine Suzanne Sykes | 10/11/2022 | Pacific Trial Attorneys |
| 114 | *Valenzuela v. Pear Sports LLC* | CVRI2204529 | Riv. Sup. Ct. | Harold W. Hopp | 10/19/2022 | Pacific Trial Attorneys |
| 115 | *Valenzuela v. Pierre Fabre USA Inc.* | 3:22-cv-02079 | S.D. Cal. | M. James Lorenz | 11/23/2022 | Pacific Trial Attorneys |
| 116 | *Valenzuela v. RugsUSA LLC* | 8:23-cv-00024 | C.D. Cal. | John W. Holcomb | 12/1/2022 | Pacific Trial Attorneys |
| 117 | *Valenzuela v. SuperBright LEDS Inc.* | 5:23cv1148 | C.D. Cal. | John A. Kronstadt | 6/15/2023 | Pacific Trial Attorneys |
| 118 | *Valenzuela v. The Kroger Co.* | 2:22-cv-06382 | C.D. Cal. | Dolly M. Gee | 8/3/2022 | Pacific Trial Attorneys |
| 119 | *Valenzuela v. Under Armour, Inc.* | 22STCV24206 | L.A. Sup. Ct. | Maren Nelson | 7/27/2022 | Pacific Trial Attorneys |
| 120 | *Valenzuela v. VF Outdoor LLC* | 37-2022-00046954-CU-MT-CTL | S.D. Sup. Ct. | James A Mangione | 11/18/2022 | Pacific Trial Attorneys |
| 121 | *Valenzuela v. West Marine Prods. Inc.* | 5:22-cv-02082 | C.D. Cal. | Dale S. Fischer | 10/19/2022 | Pacific Trial Attorneys |

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899